## VAUGHN v. ENGLISH.

The clerks of the different departments are officers within the meaning of section six of the act of April twenty-first, 1856, reducing the salaries of officers, etc.

APPEAL from the District Court of the Sixth Judicial District.

The respondent was, in January, 1856, appointed clerk in the office of Secretary of State, which position he still holds. At the time of his appointment, his salary was fixed by law at two hun-

dred and seventy dollars per month, which sum he continued to receive up to the thirty-first of March, 1857.

In July, 1856, the Comptroller of State, in payment of his salary for the month of April, issued a warrant upon the Treasurer in favor of the respondent, for the sum of two hundred and seventy dollars. This warrant the Treasurer refused to pay, alleging as a reason that respondent's salary was reduced by the act of April, 1856, to two hundred dollars per month.

Petitioner sued out a writ of *mandamus* against the defendant, as State Treasurer, and on the hearing thereof it was made peremptory against defendant, from which judgment he appealed.

*J. L. English,* Appellant, in person.

Under the provisions of the first section of the act of April twenty-one, 1856, (Acts of 1856, p. 224,) the plaintiff is only entitled to two hundred dollars per month, unless he is exempted from its operation.

The plaintiff contends that this exemption is to be found in the sixth section of the act; but I conceive that the plaintiff being a clerk in the office of Secretary of State, is not an "incumbent in office," or an "officer," within the meaning of the sixth section. Even if a clerk in one of the offices can be held to be an "officer," which I cannot by any means admit, yet having no term of office, he is not within that sixth section. The sixth section exempts from the operation of the act only those officers who were elected or appointed for a given term, providing that "the incumbents now in office shall, for their present term, receive," etc. Now a clerk has, by law, no term of office. He holds his appointment merely at the pleasure of the head of the department. He can be dismissed at any time. He may be discharged to-day and be re-employed to-morrow. And under said re-employment, could he possibly lay claim to more than two hundred dollars per month.

Again, what is the term of office of a clerk? If it is as long as he may remain in the office, he might be retained by successive heads of departments for years, without being discharged, and then under the construction for which plaintiff claims, he could demand and receive the old rate of pay, notwithstanding the provisions of the first section. A clerk has no term of office, and having none, he is not within the exemption of the sixth section.

*E. W. F. Sloan* for Respondent.

For the month of April, 1857, the Comptroller drew his warrant, in due form, in favor of the respondent, on the appellant, in the sum of two hundred and seventy dollars.

This was duly presented to the appellant for payment, and it being admitted that there were funds in the treasury, payment

of the warrant was refused, alone on the ground that the respondent was entitled to receive but two hundred dollars per month, under the existing law.

The act referred to is entitled "An act to reduce and establish the salaries of officers and pay of members of the Legislature." Stat. 1856, p. 224.

After prescribing the salaries to be received by the various officers therein named, it is further provided in section first as follows:

"To each clerk allowed by law in the offices of Secretary of State, Comptroller, and Treasurer of State, two hundred dollars per month."

But it also provides in section sixth, as follows:

"This act shall not be held to reduce the salary or pay of any of the incumbents now in office, who shall for their present term receive compensation at the rates prescribed by law, but shall apply to every such officer hereinafter elected or appointed."

The appellant contends that a clerk in the office of Secretary of State, is not "an officer" or "incumbent in office," within the meaning of the act, and is therefore not exempt from its general operation, by the provisions of the sixth section.

I submit that this position of the appellant is wholly untenable. The law itself denominates the clerk an "officer."

By the act of March 15, 1853, the Comptroller is authorized to appoint an additional clerk for his department, "who shall hold his office during the pleasure of the Comptroller."

It further provides that the Treasurer shall have power to appoint an additional clerk, etc., and that these clerks shall receive for their services two hundred and seventy dollars per month. Stat. of 1853, pp. 43, 44, §§ 1, 2, 3.

The legal meaning of an office has been judicially defined to be "an employment on behalf of the government in any station or public trust, not merely transient, occasional or incidental." 20 Johns. R., p. 493.

TERRY, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The sixth section of the act of April, 1856, provides: "This act shall not be held to reduce the salary or pay of any of the incumbents now in office, who shall for their present term receive compensation at the rates now prescribed by law, but shall apply to every such officer hereafter elected or appointed."

The only question presented by the record is, whether a clerk in one of the departments is an officer within the meaning of this section.

The term officer, in its common acceptation, is sufficiently comprehensive to include all persons in any public station or employment conferred by government.

"Officers are public or private, and it is said every man is a public officer, who hath any duty concerning the public, and he is not the less a public officer, where his authority is confined to narrow limits, because it is the duty of his office and the nature of that duty which makes him a public officer, and not the extent of his authority." Jacobs' Law Dic., vol. 4, p. 433.

The respondent was appointed by government; the duties which he is to perform concern the public, and he is paid out of the public treasury; he is therefore clearly a public officer.

The terms of the act of April, 1856, we think show conclusively that the Legislature intended the term "office" to include all persons employed by the government.

The act is entitled "An act to reduce and fix the salaries of officers and members of the Legislature," and the clerks of the different departments are included in the list of officers whose salaries are fixed by the act.

The objection that such clerks have no definite term of office is not tenable; they are appointed for the term of the officer making the appointment, subject to the power of removal.

Judgment of the Court below is affirmed, with costs.