[Crim. No. 1249. First Appellate District, Division One.—May 6, 1925.]

## THE PEOPLE, Respondent, v. JOHN CONSON, Appellant.

[1] CRIMINAL LAW—ONCE IN JEOPARDY—WHEN PLEA GOOD—QUESTION OF LAW.—A plea of once in jeopardy, former acquittal, or former conviction is not good unless the second prosecution is for the same offense, both in law and fact, as that for which the first prosecution was instituted; and where there is no dispute as to the facts, and the only question is as to whether the defendant has been in jeopardy, the question becomes one of law for the court and not one of fact for the jury.

[2] ID.—ESCAPE OF CONVICT—FORFEITURE OF CREDITS—ADMINISTRATIVE PROCEEDING BY PRISON BOARD—SUBSEQUENT CONVICTION FOR ESCAPE.—A proceeding by the state prison board for the purpose of determining whether a person confined to a state prison should forfeit his credits, because of his act in escaping from a prison road camp, is one administrative in character, and the board in the performance of this act does not exercise judicial functions, nor is it a judicial body; therefore, such proceeding does not constitute a bar to a subsequent prosecution of such convict for a violation of sections 105 and 106 of the Penal Code, relating to escapes from state prison.

[3] ID.—FUNCTION OF PRISON BOARD—JURISDICTION.—The sections of the Penal Code authorizing the prison board to ameliorate the punishment of prisoners gives it no authority to impose a penalty other than a forfeiture of credits, and are designed solely for the benefit of prisoners who by their conduct prove that they are entitled to a reduction of their sentences by reason of their good behavior, and the right given to the board to forfeit the credits is one intended merely for the good government of the prison and to maintain discipline, and its action in forfeiting the credits of one who has attempted to escape does not place such delinquent in jeopardy within the constitutional sense.

[4] ID.—GRANTING OF PAROLE—USE OF PRINTED FORM—CONSTRUCTION OF ORDER OF PRISON BOARD.—Where the prison board, in the course of its duty in fixing the term for which prisoners shall be confined, uses a printed form, one part of which the board may use in fixing the term a convict is to serve and the other part in the event

---

1. Identity of offenses in plea of former jeopardy, note, 92 **Am. St. Rep.** 89.

Former jeopardy as issue of law or fact, note, 18 **Ann. Cas.** 556. See, also, 8 **R. C. L.** 120.

it grants a parole, and the latter part of the form is not filled out, there is no merit in the contention that the prison board granted a parole.

(1) 16 C. J., p. 264, n. 35, p. 429, n. 65, 71.    (2) 16 C. J., p. 240, n. 75 New; 32 Cyc., p. 332, n. 82.    (3) 32 Cyc., p. 332, n. 81. (4) 29 Cyc., p. 1566, n. 40 New.

APPEAL from a judgment of the Superior Court of Marin County. Frank H. Dunne, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles Brusatori for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant, upon information, was charged by the district attorney of Marin County with the crime of felony, to wit, escaping from state prison.

He is a prisoner confined at San Quentin, California, having entered that institution from Los Angeles County on or about the fifteenth day of June, 1922, to serve sentences upon two convictions of felony. Thereafter, on July 14, 1924, he was assigned to Prison Road Camp "A," located near the town of Requa, in Del Norte County. On the twenty-second day of July following he was found missing from the camp and some nine days thereafter apprehended and returned to San Quentin.

Subsequently, on the twenty-third day of August, 1924, at a hearing before the board of prison directors he was found guilty of a charge of escaping from prison and all the credits to which he was entitled under the Penal Code, which he had already earned and which he would thereafter earn, were declared forfeited.

On November 14, 1924, an information was filed in the superior court of Marin County charging defendant with a violation of sections 105 and 106 of the Penal Code, relating to escapes from state prison, and it was upon this information that the conviction here appealed from was had.

To this information defendant entered a general plea of not guilty. He also entered the plea of once in jeopardy, claiming that he had already been convicted of the offense charged by the judgment of the state board of prison directors rendered on the twenty-third day of August, 1924. Defendant was found guilty and this is an appeal from the judgment of conviction. The main question involved in the appeal is whether or not appellant was once in jeopardy for the offense charged.

The question arises by reason of the rejection by the trial court of certain evidence going to prove the action of the board of prison directors in forfeiting the credits of appellant and on the instruction of the court as to what constituted former jeopardy and the refusal to give certain instructions on this subject as requested by appellant. [1] It is a well-settled principle that a plea of once in jeopardy, former acquittal, or former conviction is not good unless the second prosecution is for the same offense, both in law and fact, as that for which the first prosecution was instituted. (*People* v. *Kerrick,* 144 Cal. 46 [77 Pac. 711] ; 7 Cal. Jur., p. 955.) In cases of this character, where there is no dispute as to the facts, and the only question is whether the defendant has been in jeopardy, the question becomes one of law for the court and not one of fact for the jury. (*People* v. *Wilkinson,* 30 Cal. App. 473 [158 Pac. 1067].)

[2] The ruling of the court upon the subject was correct. Punishment by the prison authorities for a violation of its rules or for the enforcement of necessary discipline does not place a defendant in jeopardy within the constitutional sense and it constitutes no defense whatever to a charge of the character for which defendant was tried. (*State* v. *Cahill,* 196 Iowa, 486 [194 N. W. 191–194] ; *People* v. *Huntley,* 112 Mich. 570–577 [71 N. W. 178].)

A proceeding such as was here instituted by the prison board for the purpose of determining whether defendant should forfeit his credits is one administrative in character, and the board in the performance of this act does not exercise judicial functions, nor is it a judicial body. (*In re Lee,* 177 Cal. 690 [171 Pac. 958].)

Its proceedings in the matter, therefore, did not constitute once in jeopardy of the offense charged in the information. Defendant in the instant case was accused by information

with the violation of certain provisions of the Penal Code which amount to a felony. In order to be entitled to the plea he invoked it was incumbent upon him to show that he had previously been placed on trial before a court of competent jurisdiction upon indictment or information for the same offense, namely, escaping from the state prison.

The hearing before the prison board was a mere inquiry by that body under the provisions of the Penal Code for flagrant disregard of the prison rules. The board has no jurisdiction to try anyone for a felony and it is manifest that it made no attempt to do so. [3] The sections of the Penal Code authorizing the prison board to ameliorate the punishment of prisoners gives it no authority to impose a penalty other than a forfeiture of credits, and are designed solely for the benefit of prisoners who by their conduct prove that they are entitled to a reduction of their sentences by reason of their good behavior, and the right given to the board to forfeit the credits is one intended merely for the good government of the prison and to maintain discipline, and its action in forfeiting the credits of one who has attempted to escape does not place such delinquent in jeopardy within the constitutional sense. (*People* v. *Huntley, supra.*)

[4] Equally without merit is the further contention that the state board of prison directors had granted appellant a parole and that his confinement in the road camp was, therefore, illegal.

In this connection it appears from the record that the board in the course of its duty in fixing the term for which prisoners shall be confined uses a printed form. This form was properly filled out, fixing the term for which appellant was to serve. Immediately following is a printed form which may be filled out in the event that the board grants a parole. This portion of the form was not filled out and it is perfectly apparent that when his term of confinement was fixed no action was taken by the board with reference to a parole.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.