[Crim. No. 2950. Second Appellate District, Division One.—June 21, 1937.]

THE PEOPLE, Respondent, v. JOHN S. LESTER, Appellant.

452

Earl Blodgett and George Lester, Jr., for Appellant.

U. S. Webb, Attorney-General, John O. Palstine, Deputy Attorney-General, Buron Fitts, District Attorney, and Percy V. Hammon, Thomas F. O'Brien and Jere J. Sullivan, Deputies District Attorney, for Respondent.

HOUSER, P. J.—By the respective terms that were contained in each of forty counts of an indictment, defendant was accused, as a deputy license clerk of the city of Santa Monica, of the violation by him of the provisions of section 424 of the Penal Code, in that he did feloniously appropriate to his own use a specified sum of money which was public property, and that he "did wilfully omit to pay said sum . . . to the treasurer of the city of Santa Monica", etc. He was convicted as to each of thirty-nine counts of the indictment. As to the remaining count, the indictment was dismissed. It is from the ensuing judgments that were pronounced against defendant, as well as from an order by which his motion for a new trial was denied, that he has appealed to this court.

The first point that is presented by appellant as constituting a sufficient reason for reversal of the judgment, in effect, is that the evidence which was adduced on the trial of the action was insufficient to support the judgment, in that it failed to legally establish the essential fact that defendant was a "duly and regularly appointed, qualified and acting deputy license clerk of the city of Santa Monica charged with the receipt, safekeeping and transfer of public moneys"; and, therefore, that he was not a public officer.

In that regard, included within the evidence were the following facts, to wit: From and after January 2, 1934, one Theodore D. Plumer was the duly elected, qualified and acting commissioner of finance of the city of Santa Monica. As such officer, he also was the *ex-officio* vice-president of the city council, city clerk, assessor, treasurer, city tax and license collector, general manager of the transportation department, and had charge of the collection of all license fees for the said city. By an ordinance of the city of Santa Monica, adopted June 22, 1923, the commissioner of finance,

as *ex-officio* city clerk, was authorized to appoint a deputy city clerk to act as license clerk and license collector;—in pursuance whereof, the said commissioner appointed defendant as such deputy city clerk for an indefinite term; whereupon defendant took the oath of office as deputy license clerk on said second day of January, 1934, and continued·in office until April 1, 1936. Each of the several counts of the indictment contains an allegation to the effect that it was during the term when defendant was so acting that he misappropriated the sum of money specified in said count. That in such circumstances defendant was a public officer, acting as such, in a capacity authorized by law, see *Vaughn* v. *English,* 8 Cal. 39, and *Logan* v. *Shields,* 190 Cal. 661· [214 Pac. 45].

Furthermore, with reference to the sufficiency of the evidence, appellant admits that by competent evidence it was established that he received the several sums of money which, by the respective counts contained in the indictment, he was accused of having received. An examination of the record herein impels the conclusion that such fact, together with other evidence, not only of his failure to deliver those moneys to the treasurer of the city of Santa Monica, as provided by law, but as well, his written confession ''that funds in excess of $2,000 has been received by me for the sale of dog licenses and other city pound receipts, funds of the city of Santa Monica''; and that ''I have applied these funds to my own use . . . ''; established a sufficient support for the several verdicts that were returned by the jury and the ensuing judgments. It is clear that defendant was regularly appointed a public officer; that he not only qualified as such, but also that while in the pursuit of his duties of the office he collected and thereafter appropriated to his own use certain public moneys which came into his possession. At least, he was a *de facto* officer. It follows that, without giving force and effect to the extreme ''legal technicalities'' regarding the question of whether defendant was a public officer, which are urged by appellant, but which cannot be permitted to prevail as against the plain provisions of the charter and ordinances of the city of Santa Monica to which reference hereinbefore has been had, together with the remaining facts, as hereinbefore set forth, neither of appellant's specifications of error regarding the sufficiency of the evidence can be sustained.

■ Appellant also contends that since no count in the indictment contained any allegation to the effect that demand had been made on defendant that he "pay over . . . public moneys in his hands", as provided by subdivision 5 of section 424 of the Penal Code, the indictment failed to state a cause of action. But in view of the fact that defendant was not indicted under the provision of the subdivision of the statute wherein the wilful refusal or the omission by a public officer "to pay over" after demand has been made upon him that he do so is made an essential element in the commission of the criminal offense, it becomes plain that appellant's complaint in that particular has no application to the situation presented in the instant case.

■ Appellant registers further complaint, in substance, that error was committed by the trial court, in that it gave to the jury two certain instructions which conflicted one with the other. On examination of such instructions, it appears that by one of them the jury was informed that, in accord with a specified constitutional provision, it became the duty of defendant, immediately on the receipt by him of any public moneys, to deposit the same with the city treasurer; and by the other of such instructions, the jury was told that as to certain moneys which might be received by defendant, in the process of paying over such moneys to the city treasurer defendant was required to follow a certain outlined method or system. The one instruction was foundational in form; the other regulatory. This court is unable to agree with appellant's contention to the effect that error was committed in that regard.

■ Certain other instructions that were given to the jury at the request of the People form the basis for specific objections thereto on the part of appellant. Instead of such instructions, appellant urges that one specified instruction which was offered by him should have been given, which instruction purported to cover the same legal principles that were presented in the instructions which were given at the request of the People, but which instruction so requested by defendant was refused by the trial court. After an examination of all such instructions, this court is unable to concur in appellant's conclusion to the effect that he suffered any prejudice in the matter.

■ Appellant also complains with reference to the refusal of the trial court to give to the jury two certain instructions which were offered by defendant. The notation which was made on those instructions by the trial judge discloses the fact that they were "refused except as given in other instruction". In violation of the rules of the Supreme Court and of this court (sec. 3, rule VIII), appellant fails to print in his brief all the instructions which were given to the jury that related to the subject-matter of the instructions which were so refused; and in such circumstances this court is under no obligation to search the record for the purpose of discovering whether any error was committed in that regard. Considered as a whole, the instructions which were given to the jury fairly covered the legal phases of the case. Nor are we able to attach to the trial court any error of any material consequence, either in the matter of giving to the jury, or in refusing to give to the jury, any other instruction to which appellant has directed attention.

■ Appellant raises the further point that by his trial on charges that were preferred against him in the indictment, he was placed twice in jeopardy.

In that connection, although the record shows that preceding the date of the trial of the instant action defendant was tried and acquitted as to certain counts that were included within the information which theretofore had been filed against him, it also conclusively appears that none of such counts was included within the indictment in the instant case. It follows that as far as the several counts herein are concerned, there was no former jeopardy. (*People* v. *Conson,* 72 Cal. App. 509, 511 [237 Pac. 799]; *People* v. *Preciado,* 31 Cal. App. 519 [160 Pac. 1090]; *People* v. *Lachuk,* 5 Cal. App. (2d) 729 [43 Pac. (2d) 579]; *People* v. *Wilson,* 79 Cal. App. 709 [250 Pac. 879].)

■ Considering the stipulation of the parties with reference to the facts which bore upon the question of former jeopardy as hereinbefore has been indicated, the issue as to whether defendant theretofore had been placed in jeopardy became a question of law; consequently, the trial court committed no error in directing the jury to render its verdict against defendant's plea in that regard. (*People* v. *Conson,* 72 Cal. App. 509 [237 Pac. 799]; *People* v. *Newell,* 192 Cal. 659 [221 Pac. 622].)

The judgment, and the order by which defendant's motion for a new trial was denied, are affirmed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 19, 1937.