[Crim. No. 3012.   Third Dist.   Jan. 21, 1960.]

THE PEOPLE, Respondent, v. ROE GARMON, Appellant.

Roe Garmon, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction following a verdict of the jury finding him guilty of a violation of section 4531 of the Penal Code, in that while a prisoner lawfully committed to a state prison forestry camp he escaped.

The facts, which are undisputed, show that on March 5, 1959, defendant escaped from a state prison camp in Butte County. On March 15 he was arrested in Salinas by sheriff's officers of Monterey County. A complaint had previously been filed in Butte County on March 13 and a warrant for his arrest issued out of the Paradise Judicial District charging him with escape. However when he was apprehended it was because a sheriff's officer had become suspicious of defendant's actions while attempting to cash a check in a Salinas market. He readily admitted to the officer that he was an escapee from a state prison honor camp. Defendant was not taken before a magistrate but was turned over to correctional officers attached to Folsom Prison, and by them returned to that institution. On March 21 he was given a disciplinary hearing at the prison upon the charge that he had violated prison rules in escaping from the camp. As a result of that hearing he was ordered to serve 29 days in isolation. On April 10, after having served 19 days, he was taken before a magistrate in Butte County and the date for his arraignment set for April 17. On that date defendant waived his right to counsel and entered a plea of not guilty. The cause was set for trial on May 7, and on that date defendant moved to dismiss the information on the ground that he had been denied a speedy trial and was not brought before a magistrate within a reasonable time after his arrest; and that he was twice placed in jeopardy for the same offense. His motion was denied and the case proceeded to trial. During the course thereof he readily admitted the charge against him, stating, ''I've never denied the fact that I escaped . . . I admit that.'' Like contentions are now made on appeal.

Defendant's argument in support of his first contention appears to be that the authorities failed to comply with sections 821, 825, 828 and 850 of the Penal Code. In this he has completely misconceived his position. Sections 821, 825 and 828 concern the procedures to be followed in the taking of an

arrested person before a magistrate, while section 850 relates to telegraphic warrants. None of these sections are applicable to defendant or to the situation in which he has placed himself. The record shows without conflict that from the 5th of March, the day of his escape, to the 15th of March, the day he was apprehended, and until April 13 when he was brought before a magistrate and arraigned on the charge of escape, defendant was an inmate of the Folsom State Prison serving a term of imprisonment pursuant to a legal commitment. As such his rights were governed by section 1381 of the Penal Code and not the sections upon which he has placed reliance. Under the provisions of that section a person serving a prison term and who is charged with a subsequent offense, may give written notice to the district attorney of his desire to be brought to trial, and that official must do so within 90 days. In the event the matter is not so brought to trial, the court in which the action is pending must dismiss the charge. (*Osmulski* v. *Superior Court,* 169 Cal.App.2d 444 [337 P.2d 520].) While the record before this court is barren of any evidence to indicate that defendant made any attempt whatsoever to comply with the provisions of said section or that his rights were in any way violated, such fact is of no consequence. This is true since in any event the record shows that well within the 90-day limit set forth in said section the defendant, on April 10, was brought before a magistrate and arraigned, had a preliminary examination on April 17, was held to answer in the superior court, and on May 7, following a trial in the superior court at which he represented himself, he was found guilty of the crime as charged in the information.

Defendant's second contention is predicated upon the fact that upon his return to prison he was subjected to a disciplinary hearing by the prison officials for his escape and, being found guilty, was placed in solitary confinement. The time spent in isolation, he contends, constituted an illegal punishment in derogation of section 681 of the Penal Code, and the hearing before the prison officials constituted a jeopardy for the crime of escape. Such contention is wholly without merit. Throughout the entire time here in question defendant was an inmate of a state prison and subject to prison discipline. For his infraction of the rules and regulations of the institution he was subject to reasonable punishment. (See 39 Cal.Jur.2d, Prisons and Prisoners, §§ 69 and 71.) The section upon which defendant relies (Pen. Code, § 681) refers to a public offense. Here it is quite apparent

that defendant was not punished for a public offense but merely for an infraction of a prison rule, and hence that section does not apply. (*People* v. *Conson,* 72 Cal.App. 509 [237 P. 799].) The identical contention was raised in the case last cited, the only difference being that there the prison authorities merely declared all of the defendant's credits forfeited. As the court therein noted, ''The hearing before the prison board was a mere inquiry by that body under the provisions of the Penal Code for flagrant disregard of the prison rules. The board has no jurisdiction to try anyone for a felony and it is manifest that it made no attempt to do so.''

██  Defendant's final contention is that he was denied the assistance of counsel. His argument in this regard is that although the record does not disclose the fact, he did request ''*assistance of counsel to assist him with the legal work,*'' which request the trial court denied. The record does not support such contention. At the preliminary examination in the justice court of the Paradise Judicial District he was represented by Attorney Charles A. Skow. The minutes of his arraignment in the superior court state that ''The court informs defendant of his legal right to counsel. Defendant waives right to counsel and states he prefers to represent himself, *and requests use of law books or books to assist him in his defense.*'' He further requested subpoenas for certain hospital records in the way of preparation for such defense. Pursuant to his request the court, by a subsequent order made that same day, ordered the district attorney to prepare any subpoenas necessary to obtain the records sought by defendant. Defendant does not contend, nor is there anything in the record to indicate that he did not understand the nature of the charge and the facts and circumstances of his case. In view of the state of the record and the presumption that that duty was duly performed (*In re Connor,* 16 Cal.2d 701 [108 P.2d 10]), and since the right to counsel may be waived, the final contention of defendant is likewise without merit.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.