[No. 35501.   Department Two.   October 27, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM EDWARD WILLIAMS, *Appellant*.[1]

*John M. Reese,* for appellant.

*Arthur L. Hawman,* for respondent.

ROSELLINI, J.—The defendant appeals from a judgment of conviction following a verdict of the jury finding him guilty of a violation of RCW 9.31.010, defining the crime of escape, while he was imprisoned at Walla Walla for the commission of a felony. He assigns error to the denial of his motion for dismissal which was based upon the contention that, inasmuch as he had been disciplined at the prison as a result of the attempted escape, his trial under the statute deprived

[1]Reported in 356 P. (2d) 99.

him of his constitutional right not to be twice placed in jeopardy for the same offense.

We find in the defendant's brief no authority supporting this theory, and our research has revealed none.

█ In order for a plea of double jeopardy to be invoked, it is incumbent upon a defendant to show that he has been previously placed on trial before a court of competent jurisdiction upon an indictment or information for the same offense. *People v. Conson,* 72 Cal. App. 509, 237 Pac. 799. The term "jeopardy," as used in the constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when he is put on trial before a court of competent jurisdiction under an indictment sufficient in form and substance to sustain a conviction. *Ex parte Kirk,* 96 Okla. Crim. 272, 252 P. (2d) 1032; *Holt v. State,* 160 Tenn. 366, 24 S. W. (2d) 886; 15 Am. Jur. 40, § 360.

█ The hearing before the disciplinary committee did not, as the defendant contends, constitute a jeopardy for the crime of escape. He was at that time serving his sentence at the prison, and, as an inmate, was subject to prison discipline, including reasonable punishment for infraction of rules. (See RCW 72.08.120 and 72.08.040.) No new or greater sentence was imposed upon him by virtue of the disciplinary action, nor was he convicted of any offense. Such discipline is an administrative, and not a judicial function. *People v. Conson, supra; Ex Parte Rody,* 348 Mo. 1, 152 S. W. (2d) 657; *People v. Ford,* 175 Cal. App. (2d) 37, 345 P. (2d) 354.

*People v. Conson, supra, Ex parte Kirk, supra,* and *People v. Garmon* (Cal. App), 2 Cal. Rptr. 60, are cases involving the identical question presented here. In each of them it was held that no question of double jeopardy was presented. Also in accord are *State v. Cahill,* 196 Iowa 486, 194 N. W. 191; *People v. Huntley,* 112 Mich. 569, 71 N. W. 178; and *People v. Ford, supra.*

The court correctly ruled that the defense of former jeopardy was not available to the defendant.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and OTT, JJ., concur.