84 P.3d 922 (2004)
In re the Personal Restraint Petition Of Rai GOULSBY, Petitioner,
State of Washington, Department of Corrections, Respondent,
v.
Rai Goulsby, Petitioner.
No. 51855-1-I.
Court of Appeals of Washington, Division 1.
February 17, 2004.
*923 Catherine E. Glinski, Attorney at Law, Manchester, WA, Christopher Gibson, Attorney at Law, Seattle, WA, Rai Goulsby, pro se, for Appellant.
Douglas Wayne Carr, Attorney at Law, Olympia, WA, for Respondent.
COLEMAN, J.
Rai Goulsby filed a personal restraint petition challenging the result of an infraction hearing at the prison where he was incarcerated. Conceding that the requirements of due process were not met at the original hearing, the Department of Corrections (DOC) sought permission of this court to rehear the infraction. Relying on In Re Per. Restraint of Leland, 115 Wash.App. 517, 61 P.3d 357, review denied, 149 Wash.2d 1025, 77 P.3d 650, (2003), Goulsby argues that the DOC has no jurisdiction to rehear a prison infraction once a personal restraint petition is filed. Because neither the Rules of Appellate Procedure nor double jeopardy principles prevent the DOC from rehearing a prison disciplinary infraction, we disagree with the Leland court and hold that the DOC may conduct a rehearing when a personal restraint petition is filed, subject to review by this court if the inmate thereafter challenges the result of the new hearing in a new personal restraint petition.

FACTS
In December 2002, Goulsby was incarcerated at the McNeil Island Corrections Center. Prison officials filed a notice of infraction, alleging that Goulsby violated WAC 137-28-260(603), prohibiting bringing controlled substances into prison. The hearing officer relied upon confidential information and the contents of monitored telephone calls *924 to find that Goulsby arranged for the delivery of marijuana into the prison. The officer, however, made no findings as to the credibility and reliability of the confidential information or the need for confidentiality. Goulsby filed an administrative appeal that was denied by the superintendent of the prison pursuant to WAC 137-28-380(3).
Goulsby thereafter filed a personal restraint petition in this court seeking to recover the good time credits he lost as a result of the infraction. The DOC responded by expunging the challenged infraction and requesting permission of this court to conduct a rehearing. Concluding that the petition and response raised a nonfrivolous issue, the Acting Chief Judge directed that counsel be appointed for Goulsby pursuant to RAP 16.11. In its response brief filed in June of 2002, the Department notified the court that Goulsby had been released due to the expiration of his sentence.

DECISION
Preliminarily, we consider whether a decision on the merits is appropriate in light of Goulsby's release. A court may decide a moot case if it involves a matter of continuing and substantial public interest. In re Pers. Restraint of Mines, 146 Wash.2d 279, 284, 45 P.3d 535 (2002). This court has continued to receive personal restraint petitions raising the same issue addressed in Leland. These cases involve inmates who have been assigned release dates and whose cases therefore present similar mootness problems. The issue will likely continue to evade review unless we address it now. See Westerman v. Cary, 125 Wash.2d 277, 286-87, 892 P.2d 1067 (1994). We conclude that a decision on the merits is warranted.[1]
Goulsby relies primarily on Division Three's recent decision in Leland, 115 Wash. App. 517, 61 P.3d 357. Leland was charged with a serious infraction and was sanctioned by losing good time credit. Leland appealed the hearing officer's order to the prison superintendent, arguing that his due process rights were violated because his requested witness statements were not provided. The superintendent denied his appeal. Leland then filed a personal restraint petition claiming that his due process rights were violated and requesting that the infraction be expunged from his record or, in the alternative, that he receive a new hearing on the infraction.
The Court of Appeals directed the DOC to respond to the merits of Leland's petition. In response, the DOC indicated that it would rehear Leland's infraction and would adjust Leland's record to reflect the results of the rehearing. The DOC indicated that its decision rendered the personal restraint position moot. The Court of Appeals again directed the DOC to respond to the merits of Leland's petition. In response, the DOC asked that Leland's petition be dismissed as moot because it had already conducted a rehearing. The Court of Appeals "directed DOC to submit written briefing on (1) whether [the] DOC has jurisdiction/authority to conduct a rehearing of an infraction that is subject to a personal restraint petition pending in the Court of Appeals, and (2) what evidence supports the guilty finding in the first infraction hearing." Leland, 115 Wash.App. at 525, 61 P.3d 357.
Ultimately Leland held that the "DOC lacks jurisdiction or authority to summarily conduct a rehearing of a personal restraint petition pending in the Court of Appeals. There is no legislative authority for DOC to assume jurisdiction in an original action filed in the Court of Appeals under RAP Title 16." Leland, 115 Wash.App. at 529-30, 61 P.3d 357. In reaching this conclusion, the Leland court particularly relied upon RAP 16.3(c), *925 which provides: "The Supreme Court and the Court of Appeals have original concurrent jurisdiction in personal restraint proceedings in which the death penalty has not been decreed." The court also cited RAP 16.11(b), which grants the Chief Judge the authority to direct or order steps necessary to decide the appropriate disposition of the petition. Leland, 115 Wash.App. at 527, 61 P.3d 357.
We disagree with the Leland court's conclusion that Title 16 of the Rules of Appellate Procedure deprives the DOC of the authority to act once a personal restraint petition is filed. In Dawson v. Hearing Committee, 92 Wash.2d 391, 597 P.2d 1353 (1979), our Supreme Court held that prison disciplinary hearings are not subject to judicial review under the Administrative Procedure Act, chapter 34.04 RCW. The court explained that the prisoner's remedy is to seek review in the state courts through the traditional writs of habeas corpus, certiorari, and mandamus, as well as personal restraint petitions under RAP 16.3. Dawson, 92 Wash.2d at 398, 597 P.2d 1353. This is consistent with the general rule that the personal restraint procedure provided for in RAP Title 16 does not deprive the superior court of jurisdiction in habeas corpus proceedings. Toliver v. Olsen, 109 Wash.2d 607, 609, 746 P.2d 809 (1987).
Moreover, RAP 16.4(d), which was not discussed in Leland, provides that "[t]he appellate court will only grant relief by a personal restraint petition if other remedies which may be available to petitioner are inadequate under the circumstances[.]" While RAP 16.3 provides the appellate courts with exclusive jurisdiction over personal restraint petitions, there is no conflict with RAP 16.4(d) because RAP 16.3 does not address relief that can be granted outside of the personal restraint procedure. Reading the rules in RAP Title 16 together to give meaning to each provision, we conclude that they do not operate to divest the DOC of jurisdiction or authority to conduct a rehearing of a prison disciplinary infraction upon the filing of a personal restraint petition.
Nor do double jeopardy considerations prevent the DOC from rehearing prison infractions following the filing of a personal restraint petition. We directed the parties to address this question in briefing. Counsel for Goulsby conceded at oral argument that double jeopardy does not have application in the context of prison discipline cases. The concession is well-taken.
Prison disciplinary hearings are not criminal prosecutions, and the full panoply of rights due a criminal defendant does not apply. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The double jeopardy clause protects against multiple criminal punishments for the same offense. Hudson v. U.S., 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); Breed v. Jones, 421 U.S. 519, 528, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). It therefore does not pertain to prison disciplinary hearings that are in the nature of remedial, civil proceedings. Turner v. Johnson, 46 F.Supp.2d 655, 666-67 (S.D.Texas 1999); Gorman v. Moody, 710 F.Supp. 1256, 1266 (N.D.Ind.1989). Accordingly, just as an inmate may be criminally prosecuted for escape after having been made subject to prison discipline, State v. Williams, 57 Wash.2d 231, 232, 356 P.2d 99 (1960), prison officials may properly conduct a rehearing even if evidence was found to be insufficient in a first hearing. Gorman, 710 F.Supp. at 1266; Moore v. State, 481 So.2d 914, 916 (Ala.Crim.App.1985). To the extent that Leland relies upon double jeopardy principles,[2] its analysis is misplaced.
Notwithstanding his concession regarding double jeopardy, Goulsby argues that considerations of fundamental fairness and due process require us to hold that once *926 a personal restraint petition is filed, the DOC should not be allowed to conduct a rehearing before or after a ruling on the petition. He contends that once a prison superintendent has denied an administrative appeal, allowing a rehearing after the filing of a personal restraint petition would render his due process rights meaningless and would provide no disincentive to the DOC from merely repeating the errors of an earlier hearing. We decline to presume such bad faith on the part of the DOC.
In the event that the passage of time or other factors render a second hearing on a prison infraction fundamentally unfair, we perceive no reason that this court cannot make an individualized determination of the appropriate remedy after a review of that second hearing in a personal restraint petition. If the inmate's ability to confront evidence against him or produce evidence in his defense is unfairly constrained or if other valid due process concerns are raised, those matters can be considered by the court at that time. But we consider it both unwise and unnecessary to create a blanket prohibition against prison superintendents reconsidering determinations of administrative infraction appeals upon the filing of a petition. The superintendent, often not a lawyer, may not receive legal advice until a petition is filed. It does not serve the interests of judicial economy to deny the superintendent the benefit of such advice.
Nor is it necessary that DOC obtain permission of this court in advance to hold such a rehearing.[3] The DOC has the ability to conduct the initial hearing, and the prisoner can appeal the decision of that hearing to the superintendent under WAC 137-28-380. One of the options available to the superintendent is to order a rehearing. The courts recognize that the prison system should not be micromanaged by the courts, particularly as to issues relating to prison security. Turner v. Safley, 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). "[R]eview of prison disciplinary proceedings is properly limited to a determination of whether the action taken was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding." In re Pers. Restraint of Reismiller, 101 Wash.2d 291, 294, 678 P.2d 323 (1984). Arbitrary and capricious action is not established merely by failure to comply with technical hearing procedures. In re Pers. Restraint of Burton, 80 Wash.App. 573, 585, 910 P.2d 1295 (1996). If the filing of a meritorious personal restraint petition triggers the realization on the part of the DOC that it has committed an error that can be rectified by a new hearing and the DOC properly and promptly conducts that hearing, the inmate has not suffered prejudice that entitles him to relief by personal restraint petition.
We hold, accordingly, that no legal obstacle prevents the DOC from rehearing a prison disciplinary infraction upon the filing of a personal restraint petition. Any contention that the rehearing denied the inmate a fundamentally fair proceeding can be adequately addressed in a personal restraint petition filed after the rehearing.
AGID and KENNEDY, JJ., concur.
NOTES
[1] Shortly before oral argument in this case, the Supreme Court granted review in a case arising in Division Two, In re Pers. Restraint of Higgins, No. 30092-3-II, ___, Wash.App. ____, ___ P.3d ____ (Wash. Ct.App. June 24, 2003). In Higgins, Chief Judge Robin Hunt disagreed with the holding of Leland and dismissed the petition pursuant to RAP 16.11, ruling that the Department did not need the court's permission to conduct a rehearing. At oral argument, counsel for the DOC informed this court that when Higgins is argued, he anticipates that the DOC will argue that Leland was not correctly decided. Although it appears that a statewide resolution on the question of Leland's validity and effect will be forthcoming, it is important for this court to decide the issue to resolve pending personal restraint petitions before they become moot in the meantime.
[2] Although the Leland court specifically rejected the DOC's arguments regarding double jeopardy, the court did not cite double jeopardy, but rather relied on the "unique facts" of the case to hold that Leland's remedy was restoration of good time credits with no rehearing. Leland, 115 Wash.App. at 539, 61 P.3d 357. In its discussion of remedy, the Leland court also cited In re Pers. Restraint of Krier, 108 Wash.App. 31, 45, 29 P.3d 720 (2001), but Krier neither discusses double jeopardy nor describes the limits of the DOC's authority to conduct a rehearing of prison infraction proceedings after a personal restraint petition has been filed.
[3] The parties disagree as to the holding of Leland on this point. The DOC interprets language of the opinion discussing the Chief Judge's authority under RAP 16.11(b) as implying that the Chief Judge could grant such permission, while Goulsby contends that Leland's discussion of jurisdiction and its conclusion that no rehearing be allowed means such permission could never be properly granted. Because we do not follow Leland, it is unnecessary to consider what the Leland court's actual intent was in this regard. We note, however, that following such an unnecessary and unwieldy procedure would likely merely delay proceedings and ultimately would not benefit either party.