215 P.3d 209 (2009)
In the Matter of the Personal Restraint of Dawud Halisi MALIK, fka David Riggins, Petitioner.
No. 62840-2-I.
Court of Appeals of Washington, Division 1.
July 20, 2009.
Publication Ordered August 31, 2009.
*210 Richard Alan Linn, Law Office of Richard Linn, PLLC, Bellevue, WA, for Petitioner.
Amanda Marie Migchelbrink, Attorney at Law, Olympia, WA, for Respondent.
LEACH, J.
¶ Dawud Halisi Malik, formerly known as David Riggins, is serving a life sentence under the jurisdiction of the Department of Corrections (DOC) and the Indeterminate Sentence Review Board based on his conviction in King County Superior Court Cause No. 44446. Malik has filed this personal restraint petition contending that DOC violated his due process rights in a prison disciplinary hearing. Because Malik has shown by a preponderance of the evidence that DOC failed to acknowledge or address his requests to present a defense and relied on confidential information without sufficient notice and facts indicating reliability, we grant the petition and remand to DOC for a new hearing at which Malik is afforded due process.

FACTS
¶ 2 On December 19, 2007, DOC served Malik with a disciplinary hearing notice charging a serious infraction of prison rule 603 for possession, introduction, use, or transfer of a controlled substance.[1] The notice states, "You have the right to review all related reports and a summary of any confidential information."
¶ 3 The initial serious infraction report prepared by Officer Tammy Gwin states:
At the conclusion of my investigation it has been determined Offender Riggins ... did on November 26, 2007 attempt to introduce contraband into Stafford Creek Corrections Center via the mailroom. I heard Offender Riggins whose voice is personally known to me on a phone, on November 24, 2007 say he was waiting for his get well package to arrive, the package arrived at SCCC via the mailroom and contained 32.04 grams of marijuana.
The newspaper arrived on 11-24-07 it contained inside; 12 glove tip balloons filled marijuana, 3 glove tip balloons of rolling papers and 3 glove tip balloons of matches.
¶ 4 At a hearing on December 21, Malik asked Hearing Officer Johansen for witness statements submitted by other inmates on his behalf. Malik explained that he had asked Officer Gwin to obtain witness statements from an inmate who had seen someone digging through Malik's trash. Officer Johansen informed Malik that there were no witness statements and indicated that the initial infraction report, the incident reports, and the photographs were the only documents in the record. She also informed Malik that there was confidential information. She did not summarize the confidential information.
¶ 5 In his defense, Malik stated that he had never spoken to Officer Gwin before November 27 when she interviewed him. He asked for the recording of the telephone conversation Gwin claimed to have overheard on November 24. He also submitted a three-page written statement, in which he (1) repeatedly requested a copy of the recording of the telephone conversation; (2) denied having knowledge of the contents of the newspaper before the investigation; (3) suggested someone was attempting to derail his parole efforts or to eliminate his presence at Stafford Creek Corrections Center; (4) indicated that Gwin should have received witness *211 statements from inmates who saw someone taking his trash, presumably for the purpose of obtaining his mailing label; (5) claimed that he did not make the statements on the phone as reported by Gwin; (6) requested a fingerprint analysis; and(7) volunteered to take a lie detector test.
¶ 6 Officer Johansen prepared a hand-written Disciplinary Hearing Minutes and Findings form. The form has check boxes following the phrases "Witness statement returned" and "Witness statement denied." The "No" box is checked for each. In sections entitled "Summary of Testimony," Officer Johansen wrote the following:
I have no idea whats [sic] so ever about this stuff. I have never talked with I & I Gwin. What she heard was taken clean out of context. I'm a victim here. I was not trying to introduce contraband into the facility. I'm not guilty of this charge.
¶ 7 See attached statement.
Confidential information is credible and reliable and releasing this information could jeopardize the safety and security of the institution. The confidential information does contain enough information that offender Riggins was expecting the package to come in and he was going to introduce the marijuana into the facility.
¶ 8 Officer Johansen found Malik guilty and wrote in the "Reason" box: "Staff written testimony and confidential information does substantiate the wac violation. Offender was trying to introduce marijuana into the facility." Officer Johansen imposed a sanction of 270 days good time credit, 270 days earned time, and 30 days segregation.[2]
¶ 9 Malik submitted an appeal of the finding of guilt. Superintendent Pacholke affirmed the decision of the hearing officer on a Disciplinary Hearing Appeal Decision form. The form contains the following statements with two check boxes:
If confidential information was submitted, I have confirmed:
The Hearing Officer made an independent determination regarding reliability of the confidential source(s), credibility of the information and, safety concerns that justify non-disclosure of the confidential source(s) of information.
The above information was documented on DOC form 21-962, Confidential Information Review Checklist.
Neither of the check boxes corresponding to the two statements is checked.

ANALYSIS
¶ 10 To prevail here, Malik must establish (1) that he is currently being restrained, and (2) that the restraint is unlawful.[3] It is undisputed that Malik is under restraint as a result of the serious infraction decision at issue here because he lost 270 days of good time credits.[4]
¶ 11 We review prison disciplinary proceedings to determine whether the action taken was "`so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding.'"[5] If the petitioner is not afforded the minimum due process protections applicable in prison disciplinary hearings or if the decision is not supported by at least some evidence, the resulting action is so arbitrary and capricious as to deny the petitioner a fundamentally fair hearing.[6]
¶ 12 Due process requires that an inmate facing a prison disciplinary hearing *212 resulting in a loss of good time credits: "(1) receive notice of the alleged violation; (2) be provided an opportunity to present documentary evidence and call witnesses when not unduly hazardous to institutional safety and correctional goals; and (3) receive a written statement of the evidence relied upon and the reasons for the disciplinary action."[7]
¶ 3 Malik first contends that he was not allowed to present documentary evidence and call witnesses in violation of his due process rights. Relying solely on the hearing notice that Malik did not sign, DOC argues that Malik did not request any witness statements or documents for his hearing.[8] But the record demonstrates that, both in his written statement and orally during the hearing, Malik requested production of witness statements provided to Officer Gwin as well as a review of the recordings of his telephone conversations.[9] The record also indicates that on November 29, Inmate Barth submitted the following statement to Officer Gwin:
On or about Nov. 18th 2007, I was on my way to dump my trash can in the main trash can of H2-A-pod at S.C.C.C. While waiting in line I witnessed a white inmate, that was in line behind Inmate Riggins, pull a brown wrapper out of the trash and fold it up and put it in his pocket right after Inmate Riggins had dumped his trash. Thinking that it might be Mr. Riggins trash, I informed him later that week about what I had seen.
The hearing officer did not produce the statement and apparently did not review it. In fact, nothing in the record before this court indicates that the hearing officer ever acknowledged, considered or addressed any of Malik's requests for witness statements and recordings of telephone conversations. DOC has not offered any explanation for ignoring Malik's requests for statements and recordings and has not contended that such would be unduly harmful to institutional safety or correctional goals.
¶ 14 Minimum due process includes the right to present witnesses and documentary evidence when not hazardous to institutional safety or correctional goals. While a hearing officer has discretion to limit evidence presented at an infraction hearing, he or she must generally state proper reasons for doing so, either at the time of the hearing or thereafter.[10] Here, no explanation has ever been offered for the apparent absence of Barth's statement from the record before the hearing officer or for the hearing officer's failure to address Malik's request for the recording of the alleged telephone conversation. Under these circumstances, we conclude that Malik's due process rights were violated.[11]
¶ 15 Malik also contends that he was denied due process by the hearing officer's use of confidential information. DOC must provide the inmate with a summary of any confidential information used in a disciplinary proceeding, and the hearing officer must make an independent determination of the reliability of the informant, the credibility *213 of the information, and the necessity of confidentiality.[12] Reliability may be established by some factual information in the record from which the hearing officer may reasonably conclude that the confidential information is reliable, such as (1) the oath of the investigating officer as to the truth of the report containing confidential information; (2) corroborating testimony; (3) the hearing officer's statement on the record that he or she has firsthand knowledge of the past record of reliability of the source; or (4) in camera review of the material documenting the investigator's assessment of the informant's credibility.[13]
¶ 16 Malik contends that he was not informed that confidential information would be considered in the proceedings until the hearing officer told him so at the hearing. The record supports his claim. The initial infraction does not refer to confidential information. In fact, the Infraction Review Checklist completed by C. Whaley on December 18 includes the notation "N/A" over the five check boxes referring to confidential information. No summary of any confidential information appears in the record. There is no indication in the record that the hearing officer completed a DOC form 21-962, Confidential Information Review Checklist, and no such form appears in the record.[14] And Superintendent Pacholke's appeal decision form does not indicate that he reviewed the hearing officer's analysis of any confidential information.
¶ 7 DOC contends that the "entire investigation" was included in the initial infraction report and that the confidential information was the description of the marijuana contained in the newspaper and obtained "through confidential informants." But again, the initial infraction report does not include the word "confidential" and the witnesses, all apparently DOC employees who provided the details about the package, are listed by name on the initial infraction report. Under these circumstances, DOC cannot reasonably claim that Malik was properly notified that the hearing officer would be considering confidential information.
¶ 8 And DOC fails to offer any summary or description of what the hearing officer referred to as "confidential information" during the hearing or what, if anything, the hearing officer reviewed when she left the room. Moreover, the hearing officer's statement that the "confidential information is credible and reliable" is wholly conclusory. The hearing officer failed to identify any factual information to support a finding of reliability. Similarly, the hearing officer's statement that "releasing this information could jeopardize the safety and security of the institution" is conclusory and clearly inadequate here, where the record contains not even the most general summary of the confidential information or any suggestion that any person other than DOC employees named in the infraction report could have supplied any of the details in that report.
¶ 9 Given the circumstances here, including DOC's failure to provide satisfactory explanations in response to his contentions, we are satisfied that Malik has established a basis for relief by showing that he was not afforded his minimal due process rights during the disciplinary proceedings.[15] Accordingly, we grant the petition and remand to DOC to conduct a hearing at which the minimum due process requirements are met.[16]
¶ 20 Petition granted.
WE CONCUR: BECKER and COX, JJ.
NOTES
[1] "Possession, introduction, use or transfer of any narcotic, controlled substance, illegal drug, unauthorized drug, mind altering substance, or drug paraphernalia." WAC 137-25-030.
[2] The hearing officer later amended the sanction, removing the earned time loss based on Malik's sentence.
[3] RAP 16.4 (providing in pertinent part: "A petitioner is under a `restraint' if the petitioner has limited freedom because of a court decision in a civil or criminal proceeding, the petitioner is confined, the petitioner is subject to imminent confinement, or the petitioner is under some other disability resulting from a judgment or sentence in a criminal case.").
[4] In re Pers. Restraint of Krier, 108 Wash.App. 31, 37, 29 P.3d 720 (2001).
[5] Krier, 108 Wash.App. at 38, 29 P.3d 720 (quoting In re Pers. Restraint of Reismiller, 101 Wash.2d 291, 294, 678 P.2d 323 (1984)) (citing In re Pers. Restraint of Burton, 80 Wash.App. 573, 582, 910 P.2d 1295 (1996)).
[6] Krier, 108 Wash.App. at 38, 29 P.3d 720 (citing In re Pers. Restraint of Anderson, 112 Wash.2d 546, 548-49, 772 P.2d 510 (1989); Burton, 80 Wash.App. at 585, 910 P.2d 1295).
[7] In re Pers. Restraint of Gronquist, 138 Wash.2d 388, 396-97, 978 P.2d 1083 (1999).
[8] Although DOC provides no discussion or authority to demonstrate that the hearing notice is determinative on this issue, WAC 137-28-290(g) provides: "The inmate must establish that any requested witness has relevant and exculpatory evidence to present at the hearing. The inmate must list all intended witnesses on the notice of hearing. The hearing officer may, in his/her discretion, allow additional witnesses for good cause shown." While the notice provides a place for an inmate to list witnesses, the notice does not advise an inmate that he must do so.
[9] The record does not include a transcript of the hearing. However, Malik and his attorney have provided declarations describing the hearing. DOC does not dispute their descriptions and does not provide any additional details of the hearing.
[10] See, e.g., Krier, 108 Wash.App. at 43-44, 29 P.3d 720; Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985) (to satisfy due process, prison officials may chose to explain, in a limited manner, why witnesses were not allowed to testify, either at the hearing, or at some later time, as long as the reasons are logically related to preventing undue hazards to institutional safety or correctional goals); WAC 137-28-300(6)(a) (hearing officer may deny admission of evidence or testimony he or she determines is irrelevant or unnecessary to the adequate presentation of the inmate's case).
[11] Krier, 108 Wash.App. at 45, 29 P.3d 720.
[12] WAC 137-28-290, -300(7).
[13] Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987); Wells v. Israel, 854 F.2d 995, 999 (7th Cir.1988). WAC 137-28-300(7)(b) also provides guidance for a hearing officer's consideration of reliability of sources and credibility of confidential information.
[14] DOC offers no explanation for the absence in this case of form 21-962, which is typically provided to this court in personal restraint petitions challenging the use of confidential information.
[15] See Anderson, 112 Wash.2d at 548-49, 772 P.2d 510; Krier, 108 Wash.App. at 45, 29 P.3d 720.
[16] In re Pers. Restraint of Goulsby, 120 Wash. App. 223, 231, 84 P.3d 922 (2004); In re Pers. Restraint of Higgins, 152 Wash.2d 155, 160, 95 P.3d 330 (2004). In view of our holding, we find it unnecessary to address Malik's claim that the hearing officer's decision was not supported by some evidence.