IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>DARIO MARTINEZ-CASTRO,<br><br>                      Petitioner. | No. 86112-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — In 2023, Dario Martinez-Castro received a serious infraction, and was found guilty, for violating Washington Administrative Code (WAC) 603, introducing or transferring any unauthorized drugs or drug paraphernalia while serving 300 months for a murder conviction. Martinez-Castro appealed the disciplinary hearing decision, which was affirmed by the appeals officer. Martinez-Castro then filed a personal restraint petition (PRP). Because the evidence does not support that the State gave Martinez-Castro a summary of its confidential information and the State did not include a summary on the record, we grant the petition.

FACTS

Dario Martinez-Castro is currently serving 300 months of incarceration in the Stafford Creek Corrections Center (SCCC) for murder. In 2023, SCCC staff conducted targeted cell searches based on intel and an ongoing investigation. During Martinez-Castro's cell search, SCCC staff found a "wadded up mass" inside the cell trash can. Inside the mass, SCCC staff discovered two vinyl glove

fingertips filled with an unknown substance. The first fingertip weighed 1.4 grams; the second fingertip weighed 1.5 grams. The substance tested positive for methamphetamine. In an interview with SCCC staff, Martinez-Castro stated, "It's mine, my celly had nothing to do with it, I like to get high everything you found is mine my celly had nothing to do with it." Martinez-Castro received a serious infraction.

The Department of Corrections' (DOC) infraction review, dated June 27, 2023, did not identify that confidential information was reviewed for Martinez-Castro's serious infraction.[1] On July 19, 2023, SCCC staff completed a serious infraction report, which noted that it contained a summary of confidential information. The summary included Wilkie's discovery of the drugs in Martinez-Castro's cell. Wilkie's report did not include the intel that alerted SCCC staff to search Martinez-Castro's cell. On July 28, 2023, the hearing officer completed a disciplinary hearings review of confidential information checklist. The checklist stated that Martinez-Castro was provided a summary of the confidential information at least 24 hours before the hearing. The checklist did not have a summary of the confidential information and stated that the confidential information would be "relied upon when determining the hearing outcome."

At Martinez-Castro's disciplinary hearing, he was found guilty of violating WAC 603, introducing or transferring any unauthorized drugs or drug

---

[1] The infraction review checklist has a checkbox that reads: "Confidential information viewed per facility procedures and DOC 470.150 Confidential Offender Information. **Confidential information does not go in the review packet**." This box was not checked.

paraphernalia. In the disciplinary hearing minutes and findings, the hearing officer indicated that the finding was: "[B]ased on staff written testimony evidence and Confidential Information." The hearing officer also noted in the summary that he "review[ed] CI information[.] CI information is consistent with the infraction." The minutes and findings did not indicate that Martinez-Castro had waived 24-hour notice. As a result of the infraction, Martinez-Castro received multiple sanctions, including 180 days loss of fee-based recreation, 180 days loss of a Securus tablet,[2] and 30 days cell confinement.

Martinez-Castro appealed the disciplinary hearing decision, which was affirmed. In the disciplinary hearing appeal decision, two boxes pertaining to confidential information were not checked.[3] Martinez-Castro timely filed a personal restraint petition.

ANALYSIS

To obtain relief through a personal restraint petition, the petitioner must show "either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that 'constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice.' " *In re Pers. Restraint of*

---

[2] DOC contracts with Securus Technologies for tablets and other services available to incarcerated individuals. The tablets are designed for contact with families and access to other services and programming.

[3] The disciplinary hearing appeal decision form reads: "If confidential information was submitted, I have confirmed: [T]he Hearing Officer made an independent determination regarding reliability of the confidential source(s), credibility of the information, and safety concerns that justify non-disclosure of the confidential source(s) of information" and "[t]he above information was documented on DOC17-072 Disciplinary Hearings Review of Confidential Information Checklist." The DOC Superintendent did not check the boxes for either statement.

*Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990)). However, "[p]rison discipline cases are significantly different from other administrative proceedings that can result in the loss of liberty." *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 215, 227 P.3d 285 (2010). When no prior judicial review has been afforded to a petitioner as in cases of administrative prison discipline, there is no requirement to make a showing of a heightened threshold. The petitioner need only show that they are under restraint and the restraint is unlawful.

Mootness

Both parties concede that DOC expunged Martinez-Castro's infraction and that this court cannot provide Martinez-Castro relief. Martinez-Castro claims that even if his petition is moot, the court should review his petition because the question is one of continuing and substantial public interest. The State asserts that expungement effectively addresses Martinez-Castro's challenge, and no exception applies because Martinez-Castro's PRP is a private matter that is particular to the facts in his case.

"A case is moot if a court can no longer provide effective relief." *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). An exception to the mootness doctrine is "if the issue involves [a] continuing and substantial public interest." *In re Pers. Restraint of Blaylock*, 30 Wn. App. 2d 569, 577, 546 P.3d 86 (2024). This court considers three factors when determining if a case is of continuing and substantial public interest: "(1) whether the issue is of a public or

4

private nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur." *State v. Gelinas*, 15 Wn. App. 2d 484, 488, 478 P.3d 638 (2020).

Martinez-Castro's infraction was expunged, therefore this court can provide no relief for him. Since the petition is moot, we must assess whether Martinez-Castro's petition falls under the substantial public interest exception. Martinez-Castro asserts that his minimum due process rights were violated when he was not informed about the confidential information and when he was not given a summary of the confidential information. Our courts have held that incarcerated people are entitled to minimum due process rights during serious infraction proceedings. *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 398, 978 P.2d 1083 (1999). "Cases involving interpretation of the constitution or interpretation of statues are public in nature and provide guidance to future public officials." *State v. Beaver*, 184 Wn.2d 321, 331, 358 P.3d 385 (2015).

The State asserts that Martinez-Castro's PRP involves constitutional interpretation that is limited to its facts, and therefore Martinez-Castro's PRP is of a private nature. Response to Petitioner's Supplemental Brief at 10. In addition to reviewing the facts of Martinz-Castro's infraction, we also must analyze prior decisions, namely *Malik*,[4] to determine whether Martinez-Castro was given proper notice and a proper summary of the confidential information. The issue of using confidential information in serious infraction disciplinary hearings is likely to

---

[4] *In re Pers. Restraint of Malik*, 152 Wn. App. 213, 215 P.3d 209 (2009).

recur. We find that Martinez-Castro's petition falls under the continuing and substantial public interest exception.

### Martinez-Castro's Due Process Rights

Martinez-Castro contends that his due process rights were violated when (1) he was not properly informed about the State's confidential information, and (2) the hearing officer gave conclusory answers to questions about the confidential information. The State asserts that Martinez-Castro received all requisite due process.

This court must determine whether DOC's actions were " 'so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding.' " *In re Pers. Restraint of Krier*, 108 Wn. App. 31, 37, 29 P.3d 720 (2001) (quoting *In re Pers. Restraint of Reismiller*, 101 Wn.2d 291, 294, 678 P.2d 323 (1984)). If the incarcerated person "is not afforded the minimum due process protections applicable in prison disciplinary hearings or if the decision is not supported by at least some evidence, the resulting action is so arbitrary and capricious as to deny the petitioner a fundamentally fair hearing." *Malik*, 152 Wn. App. at 218. In a prison disciplinary hearing, minimum due process requires that DOC provide the incarcerated person "with a summary of any confidential information used in a disciplinary proceeding, and the hearing officer must make an independent determination of the reliability of the informant, the credibility of the information, and the necessity of confidentiality." *Malik*, 152 Wn. App. at 220 (citing WAC 137–28–290, –300(7)).

6

Martinez-Castro contends that DOC did not provide him with prior notice that it would rely on confidential information in his disciplinary hearing. Martinez-Castro's incident reports and infraction review checklist did not indicate that DOC reviewed confidential information. However, the hearing officer considered confidential information, as evident by the hearing minutes and findings and the confidential information checklist. The State provided no evidence that between Martinez-Castro's initial incident report and his disciplinary hearing, Martinez-Castro was informed prior to his hearing that DOC would use confidential information. We find that the record does not support that Martinez-Castro was properly informed of DOC's use of confidential information.

In addition, the record does not contain a summary of the confidential information. Our court in *Malik* held that an incarcerated person is not properly notified that DOC will use confidential information when the initial infraction does not refer to confidential information, the infraction review checklist does not indicate there is confidential information, and the record does not contain a completed confidential information review checklist. *See* 152 Wn. App. at 221. Here, the infraction report and infraction checklist do not state that confidential information was relied on. But unlike *Malik*, DOC completed a confidential information review checklist. DOC's checklist for Martinez-Castro establishes the reliability of the source, but it does not provide a summary of the confidential information relied upon by DOC. Additionally, the disciplinary hearing minutes and findings do not provide a summary of the confidential information, only noting that there was "CI information" and that the "CI information is consistent with the

7

infraction." Although the serious infraction report stated that the report contained "a summary of confidential information that is available for review by the [SCCC] Hearings Officer[,]" the summary in the report did not include information on a confidential informant or other confidential information.[5] The hearing officer erred when he relied on confidential information in his ruling but did not provide a summary of the information on the record. Martinez-Castro's minimum due process rights were violated.[6]

We grant the petition.

_Snith, J._

WE CONCUR:

_Feldman, J._            _Hazelrigg_

---

[5] The summary of confidential information listed on the serious infraction report included SCCC staff who were listed by name. *Malik* found that a report referencing DOC employees by name is not proper notification that confidential information will be used. 152 Wn. App. at 221.

[6] Martinez-Castro filed a motion for this court to consider additional evidence on review. Because we grant Martinez-Castro's petition, his motion is denied.