[No. 49624–2.   En Banc.   March 8, 1984.]

*In the Matter of the Personal Restraint of*
NORMAN REISMILLER, *Petitioner.*

*Robert D. Adelman* of *Evergreen Legal Services,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *William C. Collins, Senior Assistant,* for respondent.

PEARSON, J.—Petitioner Norman Reismiller, an inmate at the Washington State Penitentiary, seeks review of a finding by that institution's disciplinary hearing committee that he was guilty of the infraction of possessing marijuana. The question presented is to what extent an institutional disciplinary decision is reviewable by personal restraint petition.

On February 21, 1983, a guard at the Washington State Penitentiary found a hand–rolled cigarette which appeared to be marijuana in petitioner's cell. Petitioner was written up for possession of marijuana, and on March 14, 1983, a disciplinary hearing was held before a 3–member committee. Present at that hearing were Reismiller and the guard who made the report.

At the hearing, the charge and the guard's report were read. Reismiller pleaded not guilty. No physical evidence was formally introduced by the institution, although it appears from the record that the committee did have before it a cigarette. The institution did not present any witnesses. No one testified that the cigarette considered by the committee was the same cigarette that had been found in Reismiller's cell.

The committee found that the cigarette before it was marijuana and that Reismiller was guilty of possession of marijuana. Petitioner was sentenced to 10 days in isolation, suspended for 90 days. A copy of the infraction report and guilty finding was placed in petitioner's institutional file. Petitioner appealed to the superintendent of the institution, arguing that his cell had been incorrectly identified in the original infraction report. The appeal was unsuccessful. This personal restraint petition followed.

Reismiller contends in his petition that the disciplinary hearing committee's finding that he was in possession of marijuana violated his due process right to a fundamentally fair proceeding because there was no evidence upon which

to base that finding. Petitioner also contends the cigarette was not properly identified as a marijuana cigarette.

Reismiller did not appeal the issues now raised in his personal restraint petition. His challenge of the disciplinary committee's finding is essentially a collateral attack thereon. While it is true that a personal restraint petition is not a substitute for an appeal, *In re Hagler,* 97 Wn.2d 818, 824, 650 P.2d 1103 (1982), it is also true that the failure to raise constitutional errors in an appeal will not automatically bar consideration of those errors in a subsequent personal restraint petition. *In re Hews,* 99 Wn.2d 80, 87, 660 P.2d 263 (1983). Before a personal restraint petition is granted, however, the petitioner must prove that the constitutional error worked to his "actual and substantial prejudice." *In re Lile,* 100 Wn.2d 224, 225, 668 P.2d 581 (1983).

Before making the threshold determination of whether the prison disciplinary hearing at issue here violated petitioner Reismiller's due process right to a fundamentally fair proceeding, we must decide what standard of review to apply to internal prison disciplinary proceedings. In formulating and applying such a standard, we must keep in mind the unique means and objectives of penal institutions, together with the limited scope of due process rights to which a prisoner is entitled. *See Wolff v. McDonnell,* 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974). In *Dawson v. Hearing Comm.,* 92 Wn.2d 391, 396, 597 P.2d 1353 (1979), for example, this court held that internal disciplinary hearings are not reviewable under the state administrative procedure act (RCW 34.04) because the procedures of the act are "wholly inappropriate" to prison disciplinary matters "[i]n light of the nature of the prison setting and the needs of prison administrators to determine discipline matters fairly and swiftly, while preserving calm and order within the institution . . ." 92 Wn.2d at 395–96.

Federal courts considering civil rights and habeas corpus attacks on findings of prison disciplinary committees have utilized an "arbitrary and capricious" standard of judicial review. *See Inglese v. Warden, U.S. Penitentiary,*

687 F.2d 362 (11th Cir. 1982); *Smith v. Rabalais,* 659 F.2d 539 (5th Cir. 1981); *Wilwording v. Swenson,* 502 F.2d 844 (8th Cir. 1974). A prison is "a tightly controlled environment populated by persons who have chosen to violate the criminal law, many of whom have employed violence to achieve their ends." *Dawson v. Hearing Comm.,* 92 Wn.2d at 396. It is true that "a limited number of procedural safeguards must be afforded when a prison resident is subject to discipline for 'serious misconduct' which may deprive him of a liberty interest." *Dawson,* at 397. It is also true, however, that prisoners "are not . . . entitled to the full panoply of rights due a defendant in a criminal proceeding, but rather such process as is appropriate in the circumstances." *In re Young,* 95 Wn.2d 216, 220, 622 P.2d 373 (1980).

Thus, review of prison disciplinary proceedings is properly limited to a determination of whether the action taken was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding. A broader scope of review is undesirable in that it would tend to undermine prison administrators' decisions and lead to greater involvement of the courts in matters of internal prison discipline. *See Dawson v. Hearing Comm.,* 92 Wn.2d at 398.

▮ Petitioner contends that the hearing committee acted arbitrarily and capriciously in finding that the cigarette before the committee was marijuana without the benefit of a laboratory analysis. We reject this contention. The introduction of a chemical analysis of a suspected controlled substance is not essential to conviction even in a criminal trial proceeding; lay testimony and circumstantial evidence may be sufficient to establish the identity of the substance. *United States v. Dolan,* 544 F.2d 1219 (4th Cir. 1976); *United States v. Quesada,* 512 F.2d 1043 (5th Cir. 1975); *United States v. Lawson,* 507 F.2d 433 (7th Cir. 1974). Given the limited nature of due process rights which attach to internal prison disciplinary proceedings, it is clear that a laboratory analysis of the cigarette in this case was not required. Applicable WAC regulations merely require

that a "majority" of the hearing committee shall agree to a finding "based on evidence." WAC 275–88–093(3) and (4). The hearing committee's finding that the cigarette before it was marijuana meets these requirements.[1]

Reismiller also contends that the committee's finding was arbitrary and capricious because it was made absent even a scintilla of evidence. No Washington cases are found which discuss sufficiency of evidence requirements for prison internal disciplinary committee hearings. We note that in probation revocation proceedings, the evidence must be such as to "reasonably satisfy" that a violation has occurred. *Standlee v. Smith*, 83 Wn.2d 405, 409, 518 P.2d 721 (1974). The parole board must be satisfied that a violation has been proved by a preponderance of the evidence. *Pierce v. Department of Social & Health Servs.*, 97 Wn.2d 552, 557, 646 P.2d 1382 (1982). Disciplinary hearings, however, are different:

> A lesser standard of due process is required in disciplinary proceedings when a prisoner is already incarcerated rather than on probation or parole. Not only is the sanction in prison disciplinary hearings "qualitatively and quantitatively different from the revocation of parole or probation" but the State also has a far different stake in prison disciplinary hearings . . .

*Arment v. Henry*, 98 Wn.2d 775, 778, 658 P.2d 663 (1983). Such proceedings do not involve discipline administered by the parole board which might extend incarceration by the resetting of a prisoner's minimum term or cancellation of good time credits. The inmate's interest in the length of his prison term is not involved.

Federal courts have employed an "any evidence" test in reviewing prison disciplinary proceedings under an arbitrary and capricious standard. *See Smith v. Rabalais*,

---

[1]The lack of an "expert witness" to testify as to the contents of the cigarette does not render the committee finding arbitrary and capricious. The hearing committee consisted of experienced corrections personnel, at least one of whom had identified marijuana in connection with prison rule violations many times previously. Several of those identifications had been subsequently confirmed by chemical analysis.

*supra.* The court was concerned only as to "whether any evidence at all" supported the decision of the officials. In *Finney v. Mabry,* 455 F. Supp. 756 (E.D. Ark. 1978), the court noted that the arbitrariness of a given decision is a question of substantive due process and that constitutional violations turn not on the sufficiency of the evidence but on whether any proper evidence at all was presented. 455 F. Supp. at 770. Such a test is consistent with the approach we have taken to the arbitrary and capricious standard of review in the past.

> Arbitrary and capricious action has been defined as willful and unreasoning action, without consideration and in disregard of facts and circumstances. Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached.

*Pierce Cy. Sheriff v. Civil Serv. Comm'n,* 98 Wn.2d 690, 695, 658 P.2d 648 (1983), quoting *State v. Rowe,* 93 Wn.2d 277, 284, 609 P.2d 1348 (1980). An "any evidence" test would also seem to be suggested by WAC 275–88–093(4), which simply requires that a disciplinary hearing committee finding be "based on evidence."

The hearing committee's finding that Reismiller was guilty of possessing marijuana was arbitrary and capricious. There was simply no evidence upon which to base such a finding. The committee had before it the infraction report stating that a "suspected marijuana cigarette" had been found in Reismiller's cell and a cigarette which the committee found was marijuana. The guard who had made out the infraction report was present. No attempt was made, however, to connect the cigarette to Reismiller. The guard did not testify that the cigarette which the committee found to be marijuana was the same one found in Reismiller's cell, or even that it appeared to be the same one. Without the establishment of some connection between Reismiller and the cigarette, there is no basis for a finding that Reismiller was guilty of possessing marijuana.

We do not impose the same evidentiary requirements on

prison disciplinary proceedings as are imposed on criminal trials, or even probation revocation proceedings. We merely hold that when a prison disciplinary committee finds an inmate guilty of an infraction, that finding must be based on evidence which links the inmate to the infraction. No attempt was made to establish such a connection in this case. Thus, the finding of guilty was arbitrary and capricious.

Reismiller must, in addition to showing that the finding was constitutionally invalid, demonstrate that the constitutional error worked to his prejudice. In *In re Hagler* we said:

> The effect of our holding [that a petitioner must show he was prejudiced by the alleged error of the trial court] is essentially to shift one element of the burden of proof onto the petitioner. On direct appeal, the burden is on the State to establish beyond reasonable doubt that any error of constitutional dimensions is harmless. . . . On collateral review, we shift the burden to the petitioner to establish that the error was not harmless; in other words, to establish that the error was prejudicial. Whereas the State's burden on direct appeal is beyond reasonable doubt, the petitioner's burden on collateral review should be beyond the balance of probabilities. Thus, in order to prevail in a collateral attack, a petitioner must show that more likely than not he was prejudiced by the error.

97 Wn.2d at 825–26. Reismiller has made a prima facie showing of actual prejudice by demonstrating that the committee's finding of guilty was made in the absence of any attempt to connect Reismiller to the evidence of the infraction. We are not, however, convinced from the record that Reismiller was more likely than not prejudiced by the committee's action. The committee's failure to connect the cigarette before it to Reismiller, though constitutionally improper, is prejudicial only if that cigarette was not the one taken from Reismiller's cell. There is no indication in the record, however, that the cigarette considered by the committee was anything other than the cigarette found in Reismiller's cell.

■ In *In re Hews* we set out the three options reviewing courts have in evaluating personal restraint petitions:

1. If a petitioner fails to meet the threshold burden of showing actual prejudice arising from constitutional error, the petition must be dismissed;

2. If a petitioner makes at least a prima facie showing of actual prejudice, but the merits of the contentions cannot be determined solely on the record, the court should remand the petition for a full hearing on the merits . . .

3. If the court is convinced a petitioner has proven actual prejudicial error, the court should grant the Personal Restraint Petition without remanding the cause for further hearing.

99 Wn.2d at 88. Reismiller has made at least a prima facie showing of prejudicial constitutional error. Whether or not he was actually prejudiced, however, cannot be determined solely on the record. Thus, the committee's finding is reversed and the cause remanded with directions that the superintendent grant a new disciplinary hearing consistent with the requirements of this opinion.

UTTER, DOLLIVER, and DORE, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DIMMICK, J. (dissenting)—I dissent. Assuming arguendo that the failure formally to connect Reismiller to the marijuana cigarette produced at the disciplinary hearing violated due process, the majority nevertheless errs in remanding Reismiller's case for a new hearing. This court will remand a personal restraint petition for a full hearing on the merits only when the petitioner meets his burden of making at least a prima facie showing of actual prejudice. *In re Hews,* 99 Wn.2d 80, 88, 660 P.2d 263 (1983). As the majority concedes, the failure to connect the cigarette to Reismiller is prejudicial only if that cigarette was not the one taken from his cell. Reismiller has never argued that the cigarette produced at the hearing was not the one found in his cell. Therefore, he has failed to meet his burden under *Hews,* and his petition should be dismissed.

In light of Reismiller's failure to make even a prima facie showing of actual prejudice resulting from the supposed constitutional error, it is unclear to me what the majority expects the disciplinary hearing committee to do on remand. The majority rejected Reismiller's contention that the hearing committee acted arbitrarily and capriciously in finding that the cigarette before it was marijuana without the benefit of a laboratory analysis; thus, there is no problem with the physical evidence. Reismiller does not argue that the cigarette before the committee was not the one found in his cell. It appears that it remains only for the hearing committee to enter a formal statement on the record that the cigarette identified as marijuana was the one found in Reismiller's possession. Since I cannot subscribe to such an unnecessary exercise, I dissent.

WILLIAMS, C.J., and ROSELLINI and BRACHTENBACH, JJ., concur with DIMMICK, J.