[Nos. 7370-0-III; 7371-8-III.   Division Three.   February 6, 1986.]

*In the Matter of the Personal Restraint of*
SCOT K. HUNTER, *Petitioner.*

*In the Matter of the Personal Restraint of*
JAMES D. MATTOX, *Petitioner.*

---

*Scot K. Hunter* and *James D. Mattox,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Kathleen D. Mix, Assistant,* for respondent.

GREEN, C.J.—Scot K. Hunter and James D. Mattox seek relief from personal restraint imposed as a result of separate disciplinary hearings at the Washington State Reformatory. Due to the similarities set out below, this court consolidated the petitions.

Each petitioner was cited on May 10, 1985, for two alleged infractions of institution rules, to wit: WAC 137–28–030(603), possession, introduction, transfer or use of any narcotics, controlled substance, or related paraphernalia, and WAC 137–28–030(700), attempting to commit or aiding another person to commit a serious infraction. These allegations were presented to each petitioner on a standard notice of hearing form where the only blank space was the name of the inmate, *i.e.,* "I have received reliable information that inmate _____ is actively involved in introducing and distributing drugs within this Institution."

On May 14 each petitioner appeared before a hearing officer. The infraction citation was the only information formally considered. No witnesses or other evidence was submitted nor were summaries of confidential information used by the hearing officer. At the conclusion of each "hearing",[1] the petitioners were found guilty of both infractions. Both petitioners also received identical sanctions, *i.e.,*

---

[1]The record reveals a total of nine inmates were cited on May 10, 1985, using the same preprinted form. The record reveals that all the hearings were held on May 14, 1985, before the same hearing officer. Only these two petitions are before us and we are not aware of the identity of the other inmates, or the outcome of their hearings.

30 days' disciplinary segregation, referral to the Administrative Segregation Committee for transfer to another institution, and loss of 30 days' good conduct credits. These sanctions were upheld on appeal to the associate superintendent in each instance.

The petitioners contend they were denied procedural due process under WAC 137–28 both before and during their respective hearings. We agree and grant both petitions.

WAC 137–28 governs disciplinary action for misconduct committed within the institutions. It provides for the appointment of hearing officers to conduct hearings on whether misconduct by an inmate has occurred, and if so, what sanctions to impose. Serious infractions are considered first by the hearing officer, with appeal from that decision to the superintendent. Before a hearing, the inmate must be provided with a copy of the infraction report, and must be advised, orally and in writing, at least 24 hours before the hearing that he has a right to: a hearing on the infraction, to remain silent, to call witnesses, to question witnesses, to present evidence on his own behalf, to have a lay advisor, and to have access to all reports and records utilized by the committee, except in the case of confidential materials (which still must be summarized and the inmate provided with the summary before the hearing). WAC 137–28–085.

Under WAC 137–28–090, the inmate is to be present at all stages of the hearing, except the decisional deliberations and any inquiry concerning the identity of unidentified witnesses. Where institution staff members are witnesses against the inmate, every effort shall be made to have them present their testimony in person, but a written statement can be presented in their absence upon a showing of good cause.

In reaching a decision on the guilt or innocence of the inmate, the hearing officer must rely solely on evidence presented and may not rely on extrinsic evidence. WAC 137–28–093. If the hearing officer determines the inmate is guilty of a serious infraction and imposes sanctions, the

inmate may appeal to the superintendent within certain specified time periods. *See generally In re Reismiller,* 101 Wn.2d 291, 678 P.2d 323 (1984).

■ With that general background, we turn to these challenged hearings. The State contends that "[a]lthough the evidence may be viewed as meager, the record is not so devoid of evidence that the decision of the Hearings Officer is arbitrary", citing *In re Reismiller, supra.* We disagree. To characterize the evidence as "meager" is generous. There was no evidence taken at either hearing. The hearing officer, by affidavit, says now that he held all the hearings on the same date and had the benefit of a written report from Captain James Wallace regarding an inmate informant. None of this information was provided to petitioners, however, even in summary form. Nor did Captain James Wallace testify at either hearing.

We appreciate the problems of drugs and drug trafficking within our penal institutions, and every lawful attempt should be made to eradicate that problem. But even lofty goals cannot excuse the entire lack of due process and the arbitrary manner in which these hearings were conducted with the resultant punishments. The findings and sanctions imposed against each petitioner must be set aside. We make no observation as to the possibility of new hearings which follow the guidelines of WAC 137–28.

The petitions are granted.

MUNSON and MCINTURFF, JJ., concur.