# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) ) | No. 69577-1-I |
| TORREY NORMAN, | ) ) ) | DIVISION ONE<br><br>UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | FILED: October 28, 2013 |

PER CURIAM. Torrey Norman files this personal restraint petition challenging the

sanctions imposed following a prison disciplinary hearing. Because the Department of

Corrections (DOC) relied on confidential information without sufficient facts indicating

reliability, we grant the petition and remand to DOC for a new hearing.

Norman was infracted on October 26, 2011 under WAC 137-25-030 (620) (receipt

or possession of contraband during participation in off-grounds or outer perimeter activity

or work detail) and WAC 137-28-220 (889) (unauthorized use of facility phones/related

equipment or use of computer to conduct unauthorized or illegal business). In the Initial

Serious Infraction Report, a corrections officer reported:

> On 10-20-2011, offender Norman, Torrey #896030 was communicating with
> a former offender Hoyt, H #329791 to schedule contraband drops close to
> the facility through the J-pay system. Offender Norman, Torrey #896030
> used offender Bolt, Micheal [sic] #327658 pin number on the J-pay system.[1]
> In return offender Norman, Torrey #896030 was to give offender store to
> offender Bolt, Micheal #327658 for use of the J-pay. This report will solidify
> the summary of the confidential information report.

---

[1] J-Pay is an electronic system in which inmates can receive funds or
communicate by e-mail.

During Norman's disciplinary hearing on November 2, 2011, a hearing officer left the room to examine the confidential information that formed the basis of the infraction report.[2] The hearing officer concluded that "[t]here is not enough information to make an independent determination of reliability and/or credibility of the confidential information." Nevertheless, the hearing officer found Norman guilty of both infractions. Norman was sanctioned with 20 days lost good conduct time and 30 days of restriction on visitation and correspondence.

This court will not disturb the result of a prison disciplinary proceeding unless action taken was "so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding." In re Pers. Restraint of Reismiller, 101 Wn.2d 291, 294, 678 P.2d 323 (1984). A disciplinary proceeding is not arbitrary and capricious if the inmate was afforded the applicable minimum due process protections and the decision was supported by at least some evidence. In re Pers. Restraint of Krier, 108 Wn. App. 31, 38, 29 P.3d 720 (2001). The evidentiary requirements of due process are satisfied if there is "some evidence" in the record to support a prison disciplinary decision. In re Pers. Restraint of Johnston, 109 Wn.2d 493, 497, 745 P.2d 864 (1987). When a prison disciplinary proceeding is premised on confidential information, DOC must provide the inmate with a summary of the information used and the hearing officer must make an independent determination of the reliability of the informant, the credibility of the information, and the necessity of confidentiality. WAC 137-28-290, -300(7). Due process requires that the record contain some factual information from which the hearing officer can reasonably

_____

[2] At the request of this court, DOC provided the confidential information for an in camera review.

2

conclude that the confidential information was reliable, as well as an affirmative statement indicating that safety considerations preclude disclosing the confidential informant's identity. Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987).

Here, the hearing officer explicitly found that there was no factual information supporting the reliability of the confidential information. The corrections officer's statement in the infraction report was premised entirely on this confidential information. Without a showing that the confidential information was reliable, it does not meet the "some evidence" standard required to satisfy due process.

Under the circumstances, we are satisfied that Norman has established a basis for relief by showing that he was not afforded his minimal due process rights during the disciplinary proceedings. Accordingly, we grant the petition and remand to DOC to conduct a hearing at which the minimum due process requirements are met.[3]

FOR THE COURT:

_____

_____

_____

---

[3] We need not reach Norman's remaining claim regarding the opportunity to present witnesses at his hearing. In addition, because Norman is not entitled to compensation by means of a personal restraint petition, his request for "compensation for loss [sic] wages, Pain & Suffering, and $1000 a day for the time he was unable to communicate with his family and friends during the holidays" is denied.