# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 69386-7-I |
| | ) | DIVISION ONE |
| STEVEN J. FERGUSON, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | FILED: December 23, 2013 |

PER CURIAM. Steven Ferguson filed this personal restraint petition challenging the sanctions imposed following a prison disciplinary hearing. Because the written statement of reasons for the disciplinary action is insufficient to support the sanctions imposed in this case, we grant the petition and remand to the Department of Corrections (DOC) for a new hearing.

During a random cell search, corrections officers found a "green leafy substance wrapped in paper [and] burnt at one end" in the cell shared by Ferguson and another inmate. Testing indicated the presence of marijuana. A corrections officer questioned Philips, Ferguson's cellmate, and stated in a serious infraction report that while Philips denied ownership, he was "very evasive" and had a "difficult time making eye contact." Prison staff charged both Ferguson and Philips with violating WAC 137-25-030 (603) (possession, introduction, or transfer of any narcotic, controlled substance, illegal drug, unauthorized drug, or drug paraphernalia).

At Ferguson's disciplinary hearing, he denied knowledge of the drugs:

> There was no way, you know what I'm saying, that I was a part of anything that was found in that room ... I got too much going on. I got [extended family visits] on the line, my wife and kids come up every other two weeks. You dig what I'm saying? I [sic] fought for medium and I ain't gonna just blow it on no bull shit ....I have no knowledge of what Mr. Philips was doing in that room.

The hearing officer indicated that he had also received the following written witness statement from Philips exonerating Ferguson: "[t]he contraband was mine. [Ferguson] had nothing to do with it."[1]

After examining the confiscated substance, the hearing officer explained to Ferguson that he was guilty of the charge according to the cell tag rule. That rule provides:

> If contraband or other violation is discovered in an area under control of the inmate (such as within the confines or contents of a cell), the contraband or other violation shall be constructively attributed to the inmate(s) assigned to that area, unless the inmate(s) can establish a lack of involvement in the infraction at the disciplinary hearing.

WAC 137-28-160.

The Hearing Officer found Ferguson guilty of the infraction. The hearing officer cited "staff written testimony and evidence presented" as the basis for the decision and imposed sanctions, including the loss of 180 days' good time credit.

Ferguson argues that he was denied a fundamentally fair proceeding because the finding of guilt was based on less than constitutionally sufficient evidence and the hearing officer did not adequately explain the reasons for the decision, in light of the evidence he presented to rebut the presumption under the cell tag rule.

This court will not disturb the result of a prison disciplinary proceeding unless action taken was "so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding so as to work to the offender's prejudice." In re Pers. Restraint of Grantham, 168 Wn.2d 204, 215, 227 P.3d 285 (2010); In re Pers. Restraint of

---

[1] This statement was consistent with Philips' testimony at his own disciplinary hearing where he explained that he "found it and I brought it back to the cell. And that's how they pretty much got me with it." He said he probably would have given the drug away to another inmate if he had not been caught.

Reismiller, 101 Wn.2d 291, 294, 678 P.2d 323 (1984). A disciplinary proceeding is not arbitrary and capricious if the inmate was afforded the applicable minimum due process protections and the decision was supported by constitutionally sufficient evidence. In re Pers. Restraint of Krier, 108 Wn. App. 31, 38, 29 P.3d 720 (2001). The evidentiary requirements of due process are satisfied if there is "some evidence" in the record to support a prison disciplinary decision. In re Pers. Restraint of Johnston, 109 Wn.2d 493, 497, 745 P.2d 864 (1987). The due process afforded to inmates facing disciplinary sanctions includes a written statement of the evidence relied upon and the reasons for the disciplinary action. Grantham, 168 Wn.2d at 215-16; In re Pers. Restraint of Gronquist, 138 Wn.2d 388, 396-97, 978 P.2d 1083 (1999).

Ferguson was clearly chargeable with the infraction based the cell tag rule and DOC policy. WAC 137-28-160; see also DOC Policy 420.320 (if impossible to identify ownership of contraband, all offenders should be charged with infraction and given the opportunity to establish lack of involvement); In re Pers. Restraint of Anderson, 112 Wn.2d 546, 772 P.2d 510 (1989) (rebuttable presumption of involvement according to cell tag rule does not violate substantive due process). And despite the lack of a direct connection to the drugs, the mere presence of drugs in the cell where an offender is housed is sufficient to constitute "some evidence" to support a finding of guilt. See Anderson, 112 Wn.2d at 550 (a knife found in the cell was some evidence that any one or all four of the cellmates, either possessed the knife, placed the knife in the cell or at least knew of its presence in the cell).

However, according to DOC's own policy, an offender has the opportunity to rebut the presumption of involvement. Ferguson undisputedly presented such

evidence. But after hearing this evidence, the hearing officer merely explained that guilt was presumed under the cell tag rule. The DOC contends that the hearing officer must have determined that the rebuttal evidence was not credible and therefore concluded that Ferguson failed to rebut the presumption. This is possible. But it is also possible that the hearing officer misapplied the DOC's cell tag rule as an irrebuttable presumption. Based on transcript and the statement of reasons for the disciplinary action, it is impossible to tell.

Under these circumstances, we are satisfied that Ferguson has established a basis for relief by showing that he was not afforded his due process rights during the disciplinary proceedings.

Accordingly, we grant the petition and remand to DOC to conduct a hearing at which the minimum due process requirements are met.[2]

For the court:

_Cox, J._

_Gon, J_

_Jau, J._

---

[2] We need not reach Ferguson's argument that the sanctions exceeded those authorized under DOC policy.