FILED
COURT OF APPEALS
DIVISION II

2015 APR 21 AM 9: 06

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of<br>Personal Restraint Petition of<br><br>JOSEPH KOPPENSTEIN,<br><br>               Petitioner. | No. 46864-6-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, C.J. — Joseph Koppenstein seeks relief from personal restraint imposed following a prison disciplinary proceeding in which a hearing officer found him guilty of violating WAC 137-25-030 (Category C – Level 1, infraction 610) (unauthorized possession of a prescribed medication greater than a single daily dose).[1] He claims that the evidence does not support this infraction and asks that it be expunged.

We review prison disciplinary proceedings to determine whether the Department of Correction's (DOC) action was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding. *In re Reismiller*, 101 Wn.2d 291, 294, 678 P.2d 323 (1984). In

---

[1] The hearing officer also found petitioner guilty of violating WAC 137-28-220(1) (infraction 328) and WAC 137-25-030 (Category B – Level 2, infraction 556). He does not challenge these infractions.

doing so, we look to whether petitioner received the due process protections afforded him under *Wolff v. McDonnell*, 418 U.S. 539, 563-65, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). These protections include: (1) advance written notice of the charged violations, (2) the opportunity to present documentary evidence and call witnesses when not unduly hazardous to institutional safety and correctional goals, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action.

Petitioner challenges only the third of these protections, claiming no evidence supported the infraction. We affirm a department's decision as long as there is any evidence in the record to support it. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *In re Pers. Restraint of Johnston*, 109 Wn.2d 493, 497, 745 P.2d 864 (1987). Here, the DOC contends that the evidence supporting the infraction consisted of the reporting officer's report in which the officer stated that petitioner did not have a valid prescription for the three dicyclomine hydrochloride pills found in petitioner's shirt pocket. Petitioner argues that this is not true, that he had a valid prescription, that a daily dose is four pills, and that Nurse Sheridan Roberts stated in his report, "The Offender does have a prescription for this medication." Resp. Ex. 2, Attach. C.

This court's role is not to reweigh the evidence but rather to determine if some evidence in the record supports the hearing officer's decision. The only evidence supporting the infraction is the reporting officer's statement that petitioner did not have a valid prescription. But nothing in the record explains the reporting officer's basis of knowledge, especially in that he asked the nurse to identify the pills and the nurse reported that petitioner had a prescription for the drugs. While the evidentiary standard is highly deferential to the disciplinary process, a verifiable fact should

2

not be disregarded for a conjectural statement. Certainly, this is not what our Supreme Court intended when it defined the evidentiary standard that would satisfy due process. *Hill*, 472 U.S. at 457. *See Reismiller*, 101 Wn.2d at 296 (insufficient evidence because there was no reasonable connection between the inmate and the evidence); *see In re Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983) (if petitioner makes prima facie showing of actual prejudice but the record is insufficient to determine the merits of his claims, court should remand for a new hearing).[2]

Accordingly, we grant this petition. The DOC may expunge petitioner's infraction or grant petitioner a new hearing. If it holds a new hearing, the hearing officer should consider the available evidence to decide if in fact petitioner had a valid prescription and what constitutes a daily dose in deciding whether petitioner violated WAC 137-25-030 (Category C – Level 1, infraction 610).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

BJORGEN, J.

MELNICK, J.

---

[2] We disagree with the DOC that any error was harmless simply because the sanction was imposed concurrently with his other infractions. There are more consequences than loss of good time. DOC Policy 320.150.