
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: KEITH L. CLOSSON, Petitioner. | ) ) ) ) ) ) ) ) |

No. 74583-2-I

DIVISION ONE
UNPUBLISHED OPINION

FILED: December 26, 2017

PER CURIAM. Keith Closson filed this personal restraint petition challenging the sanctions imposed by the Department of Corrections following a 2015 disciplinary proceeding. Specifically, Closson, who committed his offense in 1993, challenged the Department's authority to sanction him by withdrawing 75 days of earned time in lieu of good time. See former DOC Policy 320.150 (III) (A) (an offender serving a sentence for an offense committed on or after August 1, 1995 may be sanctioned by the loss of earned time when he has no good conduct time). The Department subsequently performed an internal audit and restored the earned time to Closson.[1] Thus, Closson's claim related to the loss of earned time as a sanction is moot. See In re Pers. Restraint of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) (a claim is moot if the court can provide no effective relief).

This court will entertain an otherwise moot claim if it involves "matters of continuing and substantial public interest" or if the trial court's ruling has "collateral

---

[1] According to the Department, Closson's early release date was not, in fact, affected by the initial sanction because the computer system would not allow removal of Closson's earned time. Nonetheless, the Department concedes that it discovered other inmates who were convicted crimes prior to August 1, 1995 and sanctioned in this manner and corrected the error with respect to all inmates.

consequences." In re Pers. Restraint of Mines, 146 Wn.2d 279, 285, 45 P.3d 535 (2002); State v. Turner, 98 Wn.2d 731, 658 P.3d 658 (1983). But in this case, the Department has submitted documents indicating that it: (1) recognizes that its policy prohibits sanctioning offenders with the loss of earned time in lieu of good time when the crime of conviction occurred before August 1, 1995; (2) has corrected all "sanctioning errors" that occurred in this manner; and (3) has implemented training procedures and policies to ensure that hearing officers will no longer improperly impose the sanction. Accordingly, we need not address this moot issue.

Closson also challenges the sufficiency of the evidence supporting the finding of guilt. Review of prison disciplinary proceedings is limited to a determination of whether the action taken was so arbitrary and capricious as to deny the inmate a fundamentally fair proceeding. In re Pers. Restraint of Reismiller, 101 Wn.2d 291, 294, 678 P.2d 323 (1984). A disciplinary proceeding is not arbitrary and capricious if the inmate was afforded the applicable minimum due process protections and the decision was supported by at least some evidence. In re Pers. Restraint of Krier, 108 Wn. App. 31, 38, 29 P.3d 720 (2001). Due process requires that an inmate facing a disciplinary hearing receive adequate notice of the alleged violation, an opportunity to present documentary evidence and call witnesses when not unduly hazardous to institutional safety and correctional goals, and a written statement of the evidence relied upon and the reasons for the disciplinary action. In re Pers. Restraint of Gronquist, 138 Wn.2d 388, 396-97, 978 P.2d 1083 (1999). The evidentiary requirements of due process

are satisfied if there is "some evidence" in the record to support a prison disciplinary decision. In re Pers. Restraint of Johnston, 109 Wn.2d 493, 497, 745 P.2d 864 (1987), (quoting Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56, 86 L. Ed. 2d 356, 105 S. Ct. 2768 (1985)). In other words, there must be "some reasonable connection between the evidence and the inmate in order to support actions taken by the prison disciplinary board." In re Pers. Restraint of Anderson, 112 Wn.2d 546, 549, 772 P.2d 510 (1989).

The hearing officer found Closson guilty of violating former WAC 137-28-030 (502) (committing aggravated assault against another offender) and former WAC 137-28-030 (602) (possessing, manufacturing, or introducing any gun, firearm, weapon, sharpened instrument, knife, or poison, or any component thereof). According to the initial serious infraction report, Closson approached another inmate from behind, "made a slashing motion at his neck" and then "swung a second time also with a slashing motion." The victim reacted by holding his neck and stepping away from Closson. After a corrections officer noticed that the victim was injured, he ordered Closson to drop his weapon and "cuff up," and Closson complied. Relying on this report, Closson claims that there was no evidence that the victim sustained injuries or required medical attention. See former WAC 137-28-160 (2014) (aggravated assault is an "assault resulting in physical injury and requiring medical care" and medical care is "any care" provided in a medical facility/treatment center by medical staff and includes, but is not limited to "bandaging, suturing, surgery, etc."). Therefore, he asserts that

while the evidence may have supported a lesser charge, it did not support the charge of aggravated assault.

However, the evidence supporting Closson's guilt included staff reports indicating that correctional officers escorted the victim to the nurse's station following the assault. And the report of the registered nurse stated that the victim sustained "multiple superficial laceration[s] to the right side of his neck, which were treated." Closson characterizes the injuries as "scratches" and points out that the nurse's report fails to describe in detail the treatment the victim received. Nevertheless, there was evidence that Closson caused lacerations which required some medical treatment. In sum, the evidence that Closson used a weapon, a razor blade attached to a toothbrush, to assault another offender by slashing him in the neck constitutes "some evidence" of guilt.[2]

Closson makes no showing that he was denied a fundamentally fair proceeding or that the finding of guilt was based on less than constitutionally sufficient evidence. Accordingly, the petition is dismissed.

For the court:

_Dwyer, J._

_Spearman, J._

_Appelwick, J._

---

[2] Closson has filed numerous motions in connection with this petition. All motions, including his motion to modify the Commissioner's April 2017 ruling, are hereby denied.

4