

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Person Restraint of | ) | |
| | ) | No. 38329-6-III |
| JOSE C. REYES, | ) | |
| | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

STAAB, J. — While serving a sentence in prison, Jose C. Reyes was charged with violating WAC 137-25-030(1)(a) (#663), which prohibits using physical force, intimidation, or coercion against any person. Reyes contested the infraction and requested four witness statements from fellow inmates. At the prison disciplinary hearing, the hearing officer told Reyes that she had received only two statements. The hearing officer then continued the hearing to view the security video of the incident. Before the hearing was reconvened, Reyes claimed that a corrections officer told him that the two missing witness statements were turned in to the hearings department. He raised this issue when the disciplinary hearing reconvened but was told that the additional two statements were not in the file. Reyes was found guilty and various disciplinary sanctions were handed down. Reyes appealed to the superintendent arguing that his due process right to present witness statements at his hearing was violated. The

superintendent's designee issued a decision remanding for a new hearing. One day later, the superintendent's designee issued another appeal decision, this time affirming Reyes' disciplinary hearing decision.

Reyes timely filed this Personal Restraint Petition (PRP) arguing that the department of corrections (DOC) violated its own policy when it issued two different appeals decisions, that DOC was collaterally estopped from issuing a second appeal decision, and that his due process right to present witness statements at his hearing was violated.

We find that the hearing officer violated Reyes's due process right to present documentary evidence when she failed to determine if DOC was in possession of all four statements and proceeded to conduct the hearing with only two statements. We reverse the second decision of the superintendent designee and remand for a new disciplinary hearing.

BACKGROUND

While serving his sentence, Jose C. Reyes was charged with a serious infraction. According to the infraction report, Reyes was in the dayroom on July 30, 2020 when two corrections officers observed him yelling, cursing, and using abusive language toward another inmate. One of the officers ordered Reyes to return to his cell. He complied but continued to yell across the dayroom as he walked back to his cell. When Reyes returned to his cell, he was advised by the officers that he would receive a behavioral log entry for

2

his disruptive behavior.   Ultimately, Reyes was charged with violating WAC 137-25-030(1)(a) (#663), using physical force, intimidation, or coercion against any person.

On August 6, 2020, Reyes received notice of the charge against him.  Reyes requested a hearing and written witness statements from four other inmates.  At the hearing on August 14, the hearing officer indicated that there were two witness statements in the file.  The hearing officer gave Reyes the two statements that had been returned, and Reyes stated that he had not received and reviewed these two statements prior to the hearing.  The hearing officer advised Reyes that he was entitled to 24 hours to review the witness statements once he received them.  The hearing officer asked Reyes if he wanted to continue the hearing to give him time to review the statements or if he wished to proceed.  Reyes stated that he wished to proceed.  Nevertheless, the hearing was continued until August 17, so the hearing officer could review the video footage from the dayroom.

On August 16, the day before the continued hearing, Corrections Officer Delgado, the officer responsible for collecting Reyes' witness statements, sent an email to the hearing officer inquiring about the missing witness statements.  Delgado stated that "the inmates are stating [the] Hearings [department] never received the Statements."  State's Response, Ex. 1, Attach. H.   Delgado did not state how many statements he had received, submitted, or returned.  In her emailed response, the hearing officer told Delgado to call her.

At the continued hearing, Reyes stated that Delgado had told him that Delgado had collected all four witness statements and sent them to the hearing office. The hearing officer stated that the office had only received two witness statements but that if there were two more, and if Delgado could show "that that is the case," Reyes could appeal. States Supp. Response, Ex. 1 at 11.

Reyes was found guilty of violating WAC 137-25-030(1)(a) (#663). His disciplinary sanctions included ten days of cell confinement, two months loss of monthly packages, and twenty hours of extra duty.

Reyes timely appealed the hearing decision to the superintendent on due process grounds, asserting that two witnesses had been omitted from the hearing. On October 12, the superintendent's designee, Mike Klemke, issued an appeal decision that stated:

> On behalf of the Superintendent, I have investigated your appeal and find that: Upon a review of your appeal it is noted that 2 of the 4 witness statements were returned to the hearings department after the date/time of your hearing. As such this infraction is remanded for a new hearing. There is no indication of a break in the chain of evidence.

PRP of Reyes, Ex. 4. Further, a box was checked that stated, "[r]emanded for a new hearing. You will be notified of the hearing date." *Id.*

One day later, on October 13, 2020, a second appeal decision was issued by Klemke. The second decision contained substantially the same language as the first but replaced the remand language with a sentence stating, "[y]ou agreed to proceed with the

4

hearing without [the additional witness statements]." PRP of Reyes, Ex. 5. Additionally, a different box was checked stating that the hearing decision was "[a]ffirmed." *Id.*

Reyes then sent an offender kite to the Major Hearings Department requesting information on when his new hearing would be. Reyes received a response stating that his hearing decision "was affirmed on 10/29/20 by Mike Klemke." PRP of Reyes, Ex. 7.

Reyes filed this personal restraint petition on July 23, 2021. In its response to the PRP, the State included a declaration from the hearing officer explaining why Klemke changed his opinion about the hearing officer's decision. In her declaration, the hearing officer states that Klemke initially signed off on the remand but "then realized it should not have been remanded." Response Ex. 2. The hearing officer states that "the hearing never should have been remanded in the first place." *Id.* Klemke did not submit a declaration, and it is not clear why the hearing officer was explaining the decision of the person who was supposed to be independently reviewing her decision.

ANALYSIS

Reyes raises several issues in his timely personal restraint petition. He argues that the superintendent's second opinion, sua sponte reversing its first opinion, violates collateral estoppel and DOC's policies on the finality of decisions. Substantively, he claims that the hearing officer violated his due process right to present documentary evidence in his defense when she continued with the hearing without all four witness

statements. Since we agree with his due process argument, we decline to consider the other issues.

In reviewing prison disciplinary proceedings, this court analyzes whether "the action taken was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding." *In re Pers. Restraint of Reismiller*, 101 Wn.2d 291, 294, 678 P.2d 323 (1984). An action is arbitrary and capricious when the petitioner is not afforded the minimum due process protections applicable to prison disciplinary hearings. *In re Pers. Restraint of Krier*, 108 Wn. App. 31, 38, 29 P.3d 270 (2001).

In the context of a prison disciplinary hearing, due process requires that the inmate: "'(1) receive notice of the alleged violation; (2) be provided an opportunity to present documentary evidence and call witnesses when not unduly hazardous to institutional safety and correctional goals; and (3) receive a written statement of the evidence relied upon and the reasons for the disciplinary action.'" *Id.* (quoting *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 396-97, 978 P.2d 1083 (1999)).

Reyes contends that the hearing officer violated his right to present documentary evidence by conducting the hearing without all four witness statements. He points out that both appeal decisions acknowledge the existence of four witness statements. The State argues that Reyes' due process rights were not violated because the witnesses did not submit the two missing witness statements in time for the hearing, if they were submitted at all, and because Reyes agreed to proceed with the hearing without them.

The record before us shows that in the days between the two hearings, the corrections officer responsible for collecting the witness statements emailed the hearing officer about missing statements. When Reyes's hearing resumed, he told the hearing officer that the same corrections officer told him (Reyes) that there were four witness statements. The hearing officer did not disclose the corrections officer's email to Reyes and did not attempt to determine on the record how many statements were submitted. Instead, she told Reyes that he could appeal if he could prove there were more than two statements.

In the superintendent designee's first appellate opinion, he indicates that "2 of the 4 witness statements were returned to the hearings department after the date/time of your hearing," and remanded for a new hearing. PRP of Reyes Ex. 4. In his second opinion, the superintendent designee changed his remand to an affirm, finding that Reyes had "agreed to proceed with the hearing without [the additional witness statements]." PRP of Reyes Ex. 5.

Contrary to the superintendent designee's suspicious second opinion, Reyes never agreed to continue without all four witness statements. Instead, Reyes was told that only two statements were in the file. He agreed to move forward without taking additional time to review those two statements. While it seems likely that there were four witness statements, the record does not explain why all four were not in the hearing officer's file when the hearing was reconvened. The superintendent designee passively states that the

last two statements were not returned to the hearing department until after the hearing, without indicating whether the witnesses submitted their statements late, the corrections officer turned them in late, or DOC misplaced them.

In light of the information available to the hearing officer when the hearing was reconvened, she had an obligation to determine the status of the missing statements and set a record on the information available to her. She failed to make any inquiry on the record, instead telling Reyes he could appeal. This was arbitrary and capricious and denied Reyes a fundamentally fair proceeding.

We grant Reyes' personal restraint petition, reverse the second decision of the superintendent designee and hearing officer and remand for a new disciplinary hearing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, A.C.J.

8