IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 83667-6-I |
| DAVID HALL, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

COBURN, J. — Petitioner David Hall seeks review of a disciplinary order finding statements he made to a Department of Corrections (DOC) officer threatening and intimidating. He contends that no evidence supports the findings because he did not make true threats and was merely expressing his frustration having his work as a porter criticized. However, it is relevant only that the speaker intentionally and knowingly communicated the threat, not that he intended or was able to carry out the threat. We deny his personal restraint petition.

FACTS

In October 2021, prison inmate Hall had a job as a porter in the medical unit. While Hall was working, corrections officer Rojo-Dominguez spoke to Hall regarding some concerns about Hall completing his daily porter duties. During the exchange,

Citations and pincites are based on the Westlaw online version of the cited material.

according to Hall, the officer said "things like, 'Well, I'll just put you in handcuffs,' 'Well, I'll just throw you in the hole.'" Hall told the officer, "I've been down for a long-time man, I'm tired of being judged when there's nothing to judge." He continued, "I'm a high-ranking gang member man, well was a high-ranking gang member like I demand and get the respect that's why when I come in the unit they say was up. People think that little orange button is going to protect them trust and believe I'll be faster than that button if needed to."[1]

The officer informed Hall that he understood Hall's frustration, but how Hall responded was "no manner of dealing with his anger." The officer reported that Hall understood and replied, "I just don't like being accused of something that's not happening, but I'm cool."

The officer alleged Hall committed two serious infractions: (1) "Threatening another with bodily harm or with any offense against any person or property" under WAC 137-25-030(1) (Category B, Level 3, 506) (Violation 506); and (2) "Using physical force, intimidation, or coercion against any person" under WAC 137-25-030 (Category C, Level 1, 663) (Violation 663).

At Hall's disciplinary hearing, he explained the officer understood Hall spoke out of frustration. The hearing officer asked Hall, "So are you saying that you did make those statements [that Rojo-Dominguez reported]?" Hall responded,

> Well, I did make those statements. But that people think that the little orange button is going – I didn't say that. But the gist of bringing the orange button up, it was made in to [Rojo-Dominguez's] response, but it was just empty frustration, not directed towards or not directed against any person.

---

[1] Because the hearing officer relied on the officer's infraction report and not the officer's live testimony, we rely on the direct quotes from the officer's report rather than the transcription of the hearing officer reading Hall's report.

Hall said he used a poor choice of words, but that it was never his motive or intention to threaten or use intimidation toward anyone. Hall said he was explaining to the officer how Hall gives respect and how "being falsely accused is like provoking." The officer did not testify at the hearing.

The hearing officer found Hall guilty of both infractions and sanctioned Hall with 30 days cell confinement, two months' loss of monthly packages, and 40 hours of extra duty. Hall appealed the decision to the superintendent, who affirmed the decision. Hall then filed this personal restraint petition.

DISCUSSION

We will only reverse prison discipline decisions when petitioners show that they are being unlawfully restrained. RAP 16.4(a)-(c); In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212-13, 227 P.3d 285 (2010). Under RAP 16.4, a prisoner is under "restraint" if the petitioner is confined, and the "restraint" is unlawful only if the conditions or manner of the "restraint" violated the Constitution or the laws of Washington, or other grounds exist to challenge the legality of the restraint. RAP 16.4(b); RAP 16.4(c)(6)-(7). Hall is under restraint because he was given 30 days confinement.

Petitioners seeking relief from prison discipline where no prior judicial review has been afforded are not required to show actual and substantial prejudice or a miscarriage of justice. Grantham, 168 Wn.2d at 214. We will reverse a prison disciplinary decision only upon a showing that it was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding. Grantham, 168 Wn.2d at 215 (citing In re Pers. Restraint of Reismiller, 101 Wn.2d 291, 294, 678 P.2d 323 (1984)). This is a heightened standard based on the particular type of executive action we are asked to review.

Prison discipline cases are significantly different from other administrative proceedings that can result in the loss of liberty. Id. Arbitrary and capricious actions have been defined as willful and unreasoning actions, without consideration and in disregard of facts and circumstances. "Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached." Reismiller, 101 Wn.2d at 296. Prisoners are entitled to minimum due process protections. Grantham, 168 Wn.2d at 215. There has to be at least "some evidence" to affirm the discipline. Id. at 216 (citing Reismiller, 101 Wn.2d at 295).

Hall asserts that both infractions implicate his First Amendment right to free speech. U.S. CONST. amend. I. A prisoner retains those First Amendment rights that are consistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. In re Pers. Restraint of Parmelee, 115 Wn. App. 273, 281, 63 P.3d 800 (2003) (citing Jones v. North Carolina Prisoners' Lab. Union Inc., 433 U.S. 119, 129, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977)). Hall does not claim that Violations 506 and 663 themselves violate the First Amendment. Instead, he argues his statements were not true threats.

True threats are not protected by the First Amendment. Parmelee, 115 Wn. App. at 288. True threats are "statement[s] made in a context or under such circumstances in which a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to inflict bodily harm upon, or to take the life of another."[2] Id. (citing State v. Knowles, 91 Wn. App. 367, 373, 957 P.2d 797 (1998)). "It

---

[2] Hall also cites DOC's definition of the term "threatening behavior" in its policy handbook: "[i]ncludes, but is not limited to, direct or implied behavior which a reasonable person under the circumstances would perceive as a possible threat to bodily harm or was threatening in fact to that person." Policy Glossary: Terms Starting with T, DOC,

is relevant only that the speaker intentionally and knowingly communicated the threat, not that he intended or was able to carry out the threat." Id. Thus, Hall's argument that he was not motivated or intended to threaten anyone is of no matter. He did not dispute that he said the words reported by the officer constituting the threatening and intimidating statements.

Hall also contends that because the officer understood that Hall spoke out of frustration, the circumstances were such that a reasonable person could not foresee that Hall's statements would be understood as serious expression of intention to inflict bodily harm. However, understanding why Hall made the statements after the statements were made does not change the lens with which the statements were viewed. Hall makes multiple arguments: (1) he did not direct his statements at anyone; (2) nothing in the record explains what the orange button is; and (3) he is being punished for simply identifying himself as a high-ranking gang member.

The hearing officer found Hall's statements were intimidating and threatened bodily harm. "It is not our role to substitute our judgment for that of the hearing officer. Indeed, 'a detention facility is a unique place fraught with serious security dangers.'" Parmelee, 115 Wn. App. at 288-89 (quoting State v. Baker, 28 Wn. App. 423, 425, 623 P.2d 1172 (1981)). Hall did not simply speak about his history of being a high-ranking gang member.[3] He did so while explaining he still commands much respect in prison

https://www.doc.wa.gov/information/policies/glossary.aspx?show=T [https://perma.cc/9FKB-9LNQ].

[3] Hall also suggests that the officer, the hearing examiner, and the assistant superintendent who rejected Hall's appeal may have unconsciously judged his statements because of stereotypes about gang members and Black people. Hall cites to a news article reporting that 20 percent of people imprisoned in Washington are gang members. John McCoy, *Washington State's Prison Policies Serve No One*, CROSSCUT (Apr. 15, 2019),

and the officer should know that "[p]eople think that little orange button is going to protect them trust and believe [he will] be faster than that button if [he] needed to." This statement was in the context of the officer threatening to handcuff or put Hall in "the hole." Though the record does not include an explicit explanation of the "orange button," neither the officer, Hall, or the hearing officer expressed any confusion as to Hall's reference to the orange button. Moreover, Hall's reference to the orange button as something people rely on "to protect them" suggests it is a method to call for help. Viewed in the prison context, a reasonable person would foresee that the statements would be taken as a serious expression of an implied threat. In fact, it is evident Rojo-Dominguez construed them as such because he charged Hall with making a threat and intimidation. See Parmelee, 115 Wn. App. at 288-89 (observing that by charging an inmate, the corrections officer construed an inmate's statement as an implied threat despite the inmate's later alternative explanation). Hall explaining that he made the statements out of frustration or that he was "cool" after he made the statements does not explain away the objectively perceived threat at the time the relevant statements were made.

Hall additionally argues that both infractions required him to direct his statements "against any person," which he did not do. But Hall himself explained that the statements were made in the context of a conversation between himself and the officer.

Hall's statements were not protected by the First Amendment. DOC did present

---

https://crosscut.com/2019/04/washington-states-prison-policies-serve-no-one [https://perma.cc/K5JP-M3W2]. He argues that "[i]f mentioning gang membership is a threat all by itself, a large number of people can hardly talk about their lives without making threatening statements." We need not consider a circumstance where someone was disciplined for only mentioning gang membership because that is not what happened here.

some evidence supporting the infractions. Thus, Hall has failed to demonstrate that his discipline was so arbitrary and capricious as to deny a fundamentally fair proceeding. Accordingly, we deny his personal restraint petition.

Coburn, J.

WE CONCUR:

Chung, J.                                        Mann, J.